**Billy Frank FULLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–82–0089–CR.**

Court of Appeals of Texas,
Tyler.

April 28, 1983.

Weldon Holcomb, Houston, for appellant.

Jack Skeen, Dist. Atty., Joan Fisher, Bill Taylor, Asst. Dist. Attys., Houston, for appellee.

McKAY, Justice.

This appeal stems from an Order of Final Adjudication, revocation of "probation," and assessment of punishment under Art. 42.13, § 3d(b), V.A.C.C.P., for the misdemeanor offense of driving while intoxicated.

Appellant pleaded guilty to the above offense on April 10, 1980. On this same date the trial court, after hearing the evidence and accepting appellant's plea, deferred further proceedings without entering an adjudication of guilt and placed appellant on "probation"[1] in accordance with Art. 42.13, § 3d(a), V.A.C.C.P., for one year. Among the terms and conditions of said "probation" were that the defendant:

(1) commit no offense against the laws of this State . . .

(13) consume no alcoholic beverage during [the] period of probation.

Subsequently, on November 5, 1980, the State filed its "Application to Proceed to Final Adjudication," alleging appellant's violation of the above-referenced conditions of his "probation" on September 24, 1980, by driving and operating a motor vehicle upon a public highway in Gregg County, Texas, while intoxicated or under the influ-

---

1. We set the word "probation" off in quotes in this context, for the supervision contemplated by Art. 42.13, § 3d, over one receiving deferred adjudication of a misdemeanor differs somewhat from what is ordinarily thought of as probation. For an explication of the differences and similarities between the two, and the effects thereof, see *McNew v. State,* 608 S.W.2d 166, 170–172, 174–177 (Tex.Cr.App. 1978).

ence of intoxicating liquor. The trial court thereupon issued an order commanding appellant to appear on December 3, 1980, to show cause, if any, why his "probation" should not be revoked.[2]

At the December 3, 1980 hearing, appellant appeared without counsel, although it appears he was represented by retained counsel, Weldon Holcomb, at his original trial, as well as in the Gregg County D.W.I. trial. In regard to his appearance without counsel at the December 3 hearing on the motion to proceed to final adjudication and to revoke his probation, the following colloquy appears in the record: "THE COURT: Now, is Mr. Holcomb your attorney in this case? A. Yes, he going to represent me."

It appears from the record that appellant had retained counsel to represent him, but that counsel had failed to appear. The exact reason for counsel's failure to appear is not clear from the record before us.

Thereupon appellant entered his plea of "not true" to the allegations in the State's application. The trial court found that appellant had violated the conditions of his "probation," proceeded to finally adjudicate appellant's guilt, and "revoked" appellant's "probation." At a subsequent hearing in June 1981 appellant was sentenced to confinement for nine months in Smith County Jail, and to pay a fine of $300.

In his sole ground of error, appellant argues the trial court abused its discretion by proceeding with the hearing and entering judgment in the absence of counsel for appellant, where the record fails to reflect a valid waiver of appellant's right to counsel. There is no written waiver of counsel in the record.

■ The right to counsel guaranteed a criminal defendant by the Sixth Amendment of the Constitution of the United States and Article I, Sec. 10, Texas Constitution, attaches in a proceeding to revoke probation. *Mempa v. Rhay,* 389 U.S. 128, 137, 88 S.Ct. 254, 258, 19 L.Ed.2d 336 (1967);

*Parker v. State,* 545 S.W.2d 151, 155 (Tex. Cr.App.1977) and cases there cited; *Ex parte Richardson,* 496 S.W.2d 611, 612 (Tex. Cr.App.1973). This same right attaches in a hearing on a motion to proceed to final adjudication following a deferred adjudication. *Thompson v. State,* 626 S.W.2d 750, 753, n. 9 (Tex.Cr.App.1981). "It appears clear that a probationer is entitled to counsel, *either retained or appointed,* at the time of the revocation hearing unless he has affirmatively waived the same." (Emphasis added.) *Parker v. State, supra.* See also *Trevino v. State,* 565 S.W.2d 938, 940 (Tex.Cr.App.1978), holding that the fact absent counsel was retained rather than appointed does not authorize the court to proceed in his absence at a hearing on a motion for new trial.

■ Alternatives are available to the trial court when retained counsel fails to appear without adequate excuse. *Trevino v. State, supra.* But for the court to proceed with a hearing—in the absence of counsel or a valid waiver of the right thereto—is *not* a permissible alternative when the result of such hearing was confinement for nine months in jail. *Trevino v. State, supra* at 941; *Baker v. State,* 519 S.W.2d 648, 649 (Tex.Cr.App.1975).

In *Parker v. State, supra,* it is said:
Waiver may be defined as 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). A waiver of the right to counsel will not be presumed from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962); *Ex parte Auten,* 458 S.W.2d 466 (Tex.Cr.App.1970); *Baker v. State,* 519 S.W.2d 648 (Tex.Cr.App.1975); *Bray v. State,* 531 S.W.2d 633 (Tex.Cr.App. 1976). A waiver will not be 'lightly inferred,' and courts will indulge every reasonable presumption against the waiver of fundamental constitutional rights. *Johnson v. Zerbst, supra.* And a heavy

---

2. The docket sheet reflects that this order was issued on November 6, 1980; however, the sheriff's return thereon reflects that this notice

was not served upon appellant until November 19, 1980.

burden rests upon the prosecution to demonstrate an intelligent, voluntary and knowing waiver of constitutional rights, particularly as applied to the right to retained or appointed counsel. *Ex parte Bird,* 457 S.W.2d 559 (Tex.Cr.App.1970).

In *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the United States Supreme Court wrote:

'We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.'

The court thereafter continued:

We cannot conclude from the record before us that the appellant made a knowing, intelligent and voluntary waiver of his right to counsel.

Nor can we conclude, from the record before us, that appellant made a knowing, intelligent and voluntary waiver of his right to counsel at the hearing to proceed to final adjudication and revoke his "probation." See *Jordan v. State,* 571 S.W.2d 883, 884–5 (Tex.Cr.App.1978).

Accordingly, the order of final adjudication (revoking appellant's "probation") is reversed and the cause is remanded to the trial court for a hearing to be held consistent with this opinion.

Reversed and remanded.