**Jose Alfredo De LEON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–300–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Sept. 27, 1990.

Joseph A. Connors, III, McAllen, for appellant.

Luis V. Saenz, County Crim. Dist. Atty., Brownsville, for appellee.

Before SEERDEN, KENNEDY and KEYS, JJ.

OPINION

SEERDEN, Justice.

Appellant was indicted in 1985 for delivering between five and fifty pounds of marihuana. He pleaded guilty, and the trial court deferred adjudication and placed appellant on probation for seven years. In June 1989, the State filed a motion to adjudicate, alleging that appellant violated the conditions of his probation by committing an offense, not paying probation fees, and not reporting certain matters to the probation office. In August 1989, the trial court held the adjudication hearing, found appellant guilty, and assessed punishment at 12 years confinement in the Texas Department of Corrections.

Appellant raises seven points of error on appeal. Six of those points pertain to matters concerning the court's decision to adjudicate guilt. The Code of Criminal Procedure specifically provides that no appeal may be taken from this decision. Tex.Code Crim.Proc.Ann. art. 42.12 § 5(b) (Vernon Supp.1990), formerly art. 42.12 § 3d(b); *see Daniels v. State*, 615 S.W.2d 771 (Tex.Crim.App.1981); *Pierce v. State*, 636 S.W.2d 734, 735 (Tex.App.—Corpus Christi 1982, no pet.). Despite the express terms of the Code of Criminal Procedure, a body of decisional law has developed to allow a defendant to raise limited challenges to the trial court's decision to adjudicate. *See Eldridge v. State*, 731 S.W.2d 618, 619 (Tex.App.—Houston [1st Dist.] 1987, no pet.) (hearing necessary); *Fuller v. State*, 653 S.W.2d 65, 66–67 (Tex.App.—Tyler 1983, no pet.) (defendant entitled to counsel at hearing); *Dahlkoetter v. State*, 628 S.W.2d 255, 257–258 (Tex.App.—Amarillo 1982, no pet.) (trial judge authority to adjudicate). Generally, however, a court of appeals need not address the points of er-

ror presented by the defendant with respect to the decision to adjudicate. *Russell v. State*, 702 S.W.2d 617, 618 (Tex.Crim. App.1985). Appellant's points of error four through seven, which challenge the sufficiency of the evidence to show probationary violations, raise issues that are not reviewable. *Dahlkoetter*, 628 S.W.2d at 257. Accordingly, points four through seven are overruled.

■ In points two and three, however, appellant contends that the trial court lacked the authority to revoke his probation because the State's motion to revoke was filed more than two years after appellant was placed on deferred adjudication. These points present the type of issues addressed in *Eldridge, Fuller,* and *Dahlkoetter*. As noted above, the trial court, in 1985, deferred adjudication and placed appellant on probation for a period of seven years. Appellant argues that this action was not authorized by article 42.12 of the Code of Criminal Procedure, the general provision allowing a trial court to defer adjudication. Appellant contends that since appellant was charged with an offense under the Controlled Substance Act, the appellant's deferred adjudication was controlled exclusively by the deferred adjudication provisions of that act. *See* Tex. Rev.Civ.Stat. art. 4476–15 § 4.12(a)–(d), now codified in Tex.Health & Safety Code § 481.109 (Vernon Pamp.1990). Paragraph (a) of that section, as it existed, allowed a trial court to defer adjudication of any person charged with certain offenses under the Controlled Substances Act. The paragraph expressly stated that the probationary period could not exceed two years. Since appellant was charged with an offense which could have been deferred under paragraph (a), he contends that once two years expired, he could no longer be adjudicated.

Appellant's argument might have colorable merit if it were not for paragraph (d) of the same section, which provides:

This section shall not be construed to provide an exclusive procedure. Any other procedure provided by law relating to suspension of trial or probation may be followed, in the discretion of the trial court.

Paragraph (d) is unambiguous. The trial court had authority to defer adjudication and place appellant on probation for longer than two years under the general provisions of the Code of Criminal Procedure. Appellant's second and third points of error are overruled.

■ In his first point of error, appellant contends that the trial court erred in sentencing appellant to twelve years in prison after adjudicating guilt. Appellant, as noted above, pleaded guilty to delivering between five and fifty pounds of marihuana. Under Tex.Rev.Civ.Stat. art. 4476–15 § 4.05(b)(5), now Tex.Health & Safety Code § 481.120(b)(5), appellant was guilty of a first degree felony. The punishment range for this degree of felony is five to 99 years, or life, in prison. Tex.Rev.Civ.Stat. art. 4476–15 § 4.01(b)(1), now Tex.Health & Safety Code § 481.106(a)–(b).[1]

Written admonishments contained in appellant's waiver of jury and plea of guilty correctly show the punishment range being 5 to 99 years or life, and the trial court correctly admonished appellant on the range of punishment at the plea hearing, as evidenced by the statement of facts. When the trial judge deferred adjudication in open court, however, he cautioned appellant, "If you violate the terms of your probation, you will be brought back and then I will assess some punishment between two and ten years in the penitentiary." Appellant, without any authority, now contends that the trial court breached a specific contract in assessing punishment beyond ten years. We disagree.

First, the trial court's written order deferring adjudication warns that upon viola-

---

1. The State in its brief erroneously concedes that written admonishments given to appellant at his guilty plea hearing in 1985 erroneously informed appellant that he was subject to a fine of up to $20,000, relying on Texas Penal Code Section 12.32. The Controlled Substances Act, however, contained its own punishment provisions. *See* Tex.Rev.Civ.Stat. art. 4476–15 § 4.01. Appellant was correctly admonished on the range of his fine at the time he pleaded guilty.

tion the court may assess punishment and pronounce sentence as provided by "Article 42.12, Section 3d(b) of the Code of Criminal Procedure." That section allows the trial court, upon adjudication, to sentence a defendant to the maximum term provided for the offense. *Reed v. State*, 644 S.W.2d 479, 483–484 (Tex.Crim.App.1983).

Second, we find no viability to the theory that the trial court "contracted" with appellant concerning the consequences of a probationary violation. The situation simply lacks any sort of consideration on appellant's part. While we recognize that the trial court's oral statement was probably an inadvertent misstatement of the law, it also could have been a threat of his intention to assess a greater term than the period of deferred adjudication, should a violation occur. In either event, appellant had already been admonished on the proper range of punishment, and the misstatement or threat of the court was not reversible. We recognize the trial court's statement for what it was, that is, simply a misstatement of the punishment range for the offense. Appellant's first point of error is overruled.

The judgment of the trial court is affirmed.