**Wesley OSBORNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00831–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 25, 1992.
Discretionary Review Refused
March 3, 1993.

Leta S. Parks, Jack J. Rawitscher, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Mary Lou Keel, Tommy Lafon, Asst. Dist. Atty., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

OPINION

OLIVER–PARROTT, Chief Justice.

This an appeal of an adjudication of guilt after appellant, Wesley Osborne, violated the terms of his deferred adjudication probation. In three points of error, appellant contends the trial court erred at the hearing on the motion for adjudication of guilt by refusing to allow him to withdraw his guilty plea and refusing to consider exculpatory testimony and other evidence, and asserts that he is entitled to a new trial because the record does not contain a written waiver of a court reporter at the plea hearing. We affirm.

Appellant was indicted on May 1, 1990, for aggravated sexual assault. On June 27, 1990, appellant entered a guilty plea and the State abandoned the second charge of the indictment without any recommendation as to punishment. The trial court found him guilty and placed him on probation for six years and assessed a fine of $300. On June 29, 1990, the trial court granted appellant's motion for a new trial. At the new trial, appellant pled guilty again, the court deferred finding appellant guilty, and placed him on probation for six years and assessed a fine of $300.

The State filed a motion to adjudicate guilt on June 4, 1991, alleging that appellant violated the terms and conditions of his probation, including failure to report to probation meetings on four occasions, not completing a sexual counseling program he had been ordered to attend, and smoking marihuana. The record reflects that at the motion to adjudicate hearing on August 9, 1991, appellant tried to introduce exculpatory testimony and other evidence proving his innocence of the aggravated sexual assault charge. The trial court recessed, indicating it wanted to hear from the complaining witness. When the hearing resumed on August 16, 1991, the State blocked introduction of exculpatory evidence, representing to the court that it did not have jurisdiction to hear evidence pertaining to guilt or innocence but only to determine if the terms and conditions of appellant's probation had been violated. The court sustained all of the State's objections to the introduction of exculpatory testimony and other evidence, and sentenced appellant to 25-years confinement. Appellant filed a motion for a new trial, which was denied on September 13, 1991.

In his first and second points of error, appellant contends the trial court erred in refusing to allow him to withdraw his guilty plea because there was no evidence to sustain the conviction and in refusing to consider exculpatory evidence at the revocation hearing.

In deferred adjudication proceedings, the trial court's decision to proceed with an adjudication of guilt "is a matter of absolute discretion" to be exercised without review. *Ex parte Hernandez*, 705 S.W.2d 700, 702 n. 4 (Tex.Crim.App.1986). The general rule in Texas is this Court cannot entertain an appeal from the trial court's adjudication of guilt. *See Homan v. Hughes*, 708 S.W.2d 449, 451 (Tex.Crim. App.1986); *Eldridge v. State*, 731 S.W.2d 618, 619 (Tex.App.—Houston [1st Dist.] 1987, no pet.).

However, TEX.CODE CRIM.P.ANN. art. 42.12, § 5(b),[1] also states that the defen-

---

1. The "subsection (a), sec. 3d, art. 42.12 of this code" referred to in subsection (j) was the deferred adjudication statute, which has been amended, so there is no longer a section 3d. Instead, deferred adjudication is now provided for in section 5 of article 42.12.

Article 42.12, § 5(b) of the Texas Code of Criminal Procedure provides:

On violation of a condition of probation imposed under subsection (a) [deferred adjudi-

cation].... The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

dant is "entitled to a hearing." The United States Supreme Court has enunciated the minimum requirements of due process that must be observed in probation revocation hearings. *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1756, 36 L.Ed.2d 656 (1973). They include: written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, the opportunity to be heard in person and representation by counsel, and to present witnesses, the right to confront and cross-examine adverse witnesses, a "neutral and detached" hearing body, and a written statement by the fact finder on the evidence relied on and the reasons for revoking probation. *Ruedas v. State*, 586 S.W.2d 520, 523 (Tex.Crim.App.1979); *see also Morrissey v. Brewer*, 408 U.S. 471, 487–90, 92 S.Ct. 2593, 2603–05, 33 L.Ed.2d 484 (1972).

In *Duhart v. State*, 668 S.W.2d 384, 387 (Tex.Crim.App.1984), the Texas Court of Criminal Appeals stated "[f]airness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of 'probation' and the adjudication of guilt, and before the assessment of punishment if such evidence has not already been elicited during the proceedings, particularly if the defendant requests the opportunity."

More recently, the Texas Court of Criminal Appeals held that "when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment." *Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App.1992). As article 42.12, § 5(b), provides, "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." Thus, based on the statute, defendant is *entitled* to a punishment hearing after the adjudication of guilt, and the trial

TEX.CODE CRIM.P.ANN. art. 42.12, § 5(b) (Vernon Supp.1992) (emphasis added).

judge must allow appellant the opportunity to present evidence.

■ This case, however, is distinguishable from *Issa*. In *Issa*, the record did not reflect an objection by the appellant to the trial court's action of immediately sentencing him. *Id.* at 160. As the dissent in *Issa* noted, error was not preserved pursuant to TEX.R.APP.P. 52(a). *Id.* at 161–62. The court determined that appellant had not been given an opportunity to object to the trial court's action until after that action had been taken.[2] *Id.* at 161. The record reflects that the trial court in one proclamation stated that it "[t]hereby revoke[d] [appellant's] probation and enter[ed] a finding, adjudication ... and [t]hereby sentence[d] [appellant] to serve a term in the Texas Department of Corrections for ten years...." *Id.* In this case, as in *Issa*, appellant does not object to the trial court's failure to follow the requirements of article 42.12, § 5(b), regarding the sentencing portion of the motion to adjudicate hearing. TEX.R.APP.P. 52(a). However, the record shows that appellant had called witnesses prior to adjudication and had witnesses available to testify at sentencing and the trial court specifically afforded appellant the opportunity to object, by asking the following question after revoking appellant's probation, "[d]o you have anything to say why sentence of law should not at this time be pronounced against you?" Although given this opportunity appellant raised no objection to being sentenced at that time. Finally, nowhere in appellant's motion for new trial or appellate brief is the trial court's action on this issue raised. Under these circumstances, we find appellant foreclosed from the *Issa* sentencing principles.

The Texas Court of Criminal Appeals has held that a defendant may appeal from the *original* conviction, even though the defendant has received deferred adjudication probation under limited circumstances.

2. Appellant preserved error for appellate review by raising his objection to the trial court's actions by timely filing a motion for new trial.

*Dillehey v. State,* 815 S.W.2d 623, 626 (Tex.Crim.App.1991). In *Dillehey,* the court granted appeal to consider whether or not a defendant can appeal from a deferred adjudication probation under TEX. CODE CRIM.P.ANN. art. 44.01(j),[3] that authorizes the State's right to appeal. The court closely examined the legislative intent, bill analysis, and study group reports, legislative council reports, floor debates to determine the scope of rule 44.01(j). The ambiguity of this statutory provision became apparent when the legislative history, specifically the Senate floor debates, was researched. The majority of the court discovered and effectuated the clear intent of the legislature in passing 44.01(j), *viz:* to allow defendants placed on deferred adjudication probation to immediately appeal rulings on pretrial motions. *Dillehey,* 815 S.W.2d at 626.

◼ Here, appellant is not appealing from his original conviction, or from a ruling on a pretrial motion from the original conviction, which was available to appellant prior to the motion to adjudicate hearing. Appellant is appealing the ruling on a motion to withdraw his guilty plea and to consider exculpatory testimony and other evidence at the hearing on the motion to adjudicate guilt. Unfortunately, appellant appeals from proceedings concerning the determination to adjudicate guilt.[4] An appellant may not appeal from the trial court's determination to adjudicate guilt, and we need not address points of error concerning the trial court's decision to adjudicate guilt. *Russell v. State,* 702 S.W.2d 617, 618 (Tex.Crim.App.1985). Thus, the trial court's decision to proceed to an adjudication of guilt is not subject to review on appeal.

Appellant's first and second points of error are overruled.

In his third point of error, appellant contends that he is entitled to a new trial because the record does not contain a written waiver of a court reporter. We disagree.

Appellant relies on *Payne v. State,* 802 S.W.2d 686 (Tex.Crim.App.1990) and *Culton v. State,* 818 S.W.2d 839 (Tex.App.—Houston [1st Dist.] 1990, no pet.), to assert his right to a transcription of any part of the court reporter's notes for the record on appeal. However, in both cases the appellants' entitlement to reversal and new trial were based on the loss or destruction of the statement of facts, not the initial request to have a court reporter available at the hearing.

◼ The general rule in this State is that a court reporter must be used if requested by the defendant. *Sifuentez v. State,* 704 S.W.2d 449, 450 (Tex.App.—Corpus Christi 1986, no pet.). Failure to grant the request is reversible error, and no showing of harm is needed. *Id.* Here, appellant does not assert that he requested a court reporter or that he was misled about his right to have a court reporter present if he so requested.

Unlike the right to a court reporter under TEX.FAM.CODE ANN. § 11.14(d) (Vernon 1986), which places a duty on the court to make a record of proceedings affecting the parent-child relationship, under TEX. R.APP.P. 11(a)(1), the requirement of a court reporter must be asserted. *Stubbs v. Stubbs,* 685 S.W.2d 643, 645 (Tex.1985). Rule 11(a)(1) clearly states the duties of a court reporter include "attending all sessions of court and making a full record of the evidence when *requested* by the judge

---

3. Subsection (j) of article 44.01 provides: "Nothing in this article is to interfere with the defendant's right to appeal under the procedures of art. 44.02 of this code. *The defendant's right to appeal under art. 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with subsection (a) of section 3d, art. 42.12 of this code, as well as any other punishment assessed in compli-*

ance with art. 44.02 of this code." (Emphasis added.)

4. It is noted that the record reflects appellant knowingly and voluntarily plead guilty and signed the judicial confession, providing sufficient evidence to sustain a conviction at the original trial proceedings. *Potts v. State,* 571 S.W.2d 180, 182 (Tex.Crim.App.1978); *Harmon*

or any party to a case...."[5] (Emphasis added.) The record does not reflect that a court reporter was requested by the judge or either party to the case at the plea hearing. *See Gibbs v. State,* 819 S.W.2d 821, 827–28 (Tex.Crim.App.1991); *Coyle v. State,* 775 S.W.2d 843, 846 (Tex.App.—Dallas 1989, no pet.).

Appellant's third point of error is overruled.

The judgment is affirmed.

*v. State,* 649 S.W.2d 93, 95 (Tex.App.—Corpus Christi 1982, no pet.).

**5.** In 1975, art. 2324 was amended adding the words "upon request," which required a court reporter to "[a]ttend all sessions of the court" was no longer mandatory, even if it was previously. *Baen–Bec, Inc. v. Tenhoopen,* 548 S.W.2d 799, 800 (Tex.Civ.App.—Eastland 1977, no writ); Act of May 27, 1975, 64th Leg., R.S., ch. 319, § 1 1975 Tex.Gen.Laws 826 (amending Tex.Rev.Civ. Stat.Ann. art. 2324) *repealed and codified,* at Tex.Gov't Code Ann. § 52.046 (Vernon 1985).