Kevin Wayne COLLINS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 09–94–312 CR to 09–94–314 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Aug. 22, 1995.

Decided Dec. 20, 1995.

Jimmy D. Hamm, Beaumont, for appellant.

Tom Maness, District Attorney, John R. Dewitt, Assistant District Attorney, Beaumont, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

The record before us reflects that appellant was placed on what is commonly referred to as deferred adjudication probation on August 23, 1993, in the following three felony cases: Possession of a Controlled Substance (61143), Delivery of a Controlled Substance (63822), and Possession of a Con-

trolled Substance (63823). Thereafter, the State filed motions to revoke appellant's unadjudicated probation in each case. A hearing was held on the State's allegations and the trial court found said allegations true; adjudicated appellant guilty in all three cases, and sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for terms of ten (10) years in cause numbers 61143 and 63823, and for a term of fifty (50) years in cause number 63822. Appellant's single point of error to this Court reads, "The trial court abused its discretion by denying appellant's request for continuance."

TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 5(b) (Vernon Supp.1995), provides that upon a motion to adjudicate unadjudicated probation, "[t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination." Except for the issue of voluntariness as to the original plea of guilty or nolo contendere, there is no right of appeal from a proceeding to adjudicate guilt. *Phynes v. State*, 828 S.W.2d 1 (Tex.Crim.App.1992); *Olowosuko v. State*, 826 S.W.2d 940 (Tex.Crim.App.1992). Appellant's appeal is dismissed.

APPEAL DISMISSED.

BURGESS, Justice, dissenting.

I respectfully dissent to the majority's dismissal based upon TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon 1979 & Supp.1995). In *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App.1992), the court stated: "Therefore, an appellate court must sort out various rulings a trial court may make in the course of a deferred adjudication proceeding to determine those which the Legislature provided a right to appeal." *See also McNew v. State*, 608 S.W.2d 166, 173 n. 10 (Tex.Crim.App.[Panel Op.] 1978).

Several courts of appeal have followed this and allowed appeals of certain issues. *Gilbert v. State*, 852 S.W.2d 623 (Tex.App.—Amarillo 1993, no pet.) (competency at time of adjudication hearing); *De Leon v. State*, 797 S.W.2d 186 (Tex.App.—Corpus Christi

1990, no pet.) (timeliness of motion to adjudicate); *Fuller v. State,* 653 S.W.2d 65 (Tex. App.—Tyler 1983, no pet.) (right to counsel at adjudication hearing); *Dahlkoetter v. State,* 628 S.W.2d 255 (Tex.App.—Amarillo 1982, no pet.) (trial judge's authority to adjudicate).

An analogous case is *Eldridge v. State,* 731 S.W.2d 618 (Tex.App.—Houston [1st Dist.] 1987, no pet.). The court held it could consider the issue of whether the probationer had been afforded a hearing under article 42.12. The court found the probationer had not been afforded a "meaningful hearing", this was a violation of due process and reversed the order adjudicating guilt.

In *Phynes v. State,* 828 S.W.2d 1 (Tex. Crim.App.1992), the court criticized *Fuller* and held the alleged failure to have counsel present at a hearing to adjudicate guilt was not appealable. Unfortunately, the *Phynes* opinion did not mention the previous language in *Olowosuko v. State,* nor any of the courts of appeals cases other than *Fuller.* It certainly appears the court is on its way to stating an absolute *no appeal* rule. If so, this is the perfect opportunity, although I would urge them not to do so.

The right to present witnesses is accorded defendants under TEX. CONST. art. I § 10. The United States Supreme Court in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) enunciated the minimum requirements of due process that must be observed in probation revocation hearings. They include, among other things, the opportunity to present witnesses. Therefore, I conclude an appeal can be taken from a trial court's decision to deny a motion for continuance. Consequently, I would not dismiss the appeal, but address the issue raised.[1]

---

1. Since the majority does not allow the appeal, any discussion on the point of error would, at this point, be an advisory opinion which we are without authority to render. *Armstrong v. State,* 805 S.W.2d 791, 794 (Tex.Crim.App.1991).