NO. 12-01-00366-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



MACHELLA HART,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW NO. 2 OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






PER CURIAM


 Appellant Machella Hart entered a plea of guilty to class A misdemeanor theft. The trial
court deferred a finding of guilt and placed her on deferred adjudication probation for one year. 
Among other conditions of probation, she was ordered to pay restitution in the amount of $6,585.89. 
Although she was given extensions allowing her until three years, five months after being placed on
probation to pay the restitution, she was unable to pay the full amount. The State filed a motion to
proceed to adjudication which the trial court granted. The court adjudicated Appellant guilty and
sentenced her to one hundred eighty days in jail. She raises three issues on appeal asserting that her
probation should not have been revoked. We dismiss the appeal for want of jurisdiction.

 In her first issue, Appellant asserts the trial court abused its discretion in denying her motion
for new trial which was based on the affirmative defense of inability to pay. She contends that she
proved she could not pay the delinquent restitution because she is financially impoverished. In her
second issue, she contends that, as the record shows she was unable to pay, the evidence is legally
and factually insufficient to show her failure to pay court-ordered restitution was intentional. In her
third issue, Appellant argues that the trial court's determination that she is indigent for purposes of
entitlement to a court appointed attorney establishes as a matter of law that she lacked the ability to
pay the court-ordered restitution.

 The Texas Code of Criminal Procedure specifically states that no appeal may be taken from
a trial court's determination to proceed with an adjudication of guilt. Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2002). Moreover, the decision to adjudicate rests within the
absolute discretion of the trial court. See Rocha v. State, 903 S.W.2d 789, 790 (Tex. App.- Dallas
1995, no pet.). Therefore, a defendant cannot challenge the sufficiency of the evidence supporting
the trial court's decision to adjudicate. See DeLeon v. State, 797 S.W.2d 186, 188 (Tex. App.-
Corpus Christi 1990, no pet.). 

 Appellant asserts this is an appeal from a probation revocation based on her failure to comply
with the condition of probation requiring her to pay restitution. She attempts to show her probation
should not have been revoked because she had a valid defense for the failure to repay the full amount
of restitution. However, Appellant was on deferred adjudication probation and a determination that
she violated a condition of her probation does not simply lead to sentencing. It leads to adjudication
first. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). Therefore, the issues addressed at the hearing
go directly to the trial court's decision to adjudicate, a determination which is not appealable. Id.

 The issues addressed at the revocation hearing were Appellant's failure to pay restitution and
whether her failure to pay was due to an inability to pay or an intentional refusal to pay. The motion
for new trial addressed the same issues addressed at the revocation hearing. Thus, the trial court's
decision not to grant her a new trial, though made in a separate proceeding, was not a separate
determination from its decision to proceed with an adjudication of guilt. Therefore, if we addressed
Appellant's complaint about the trial court's overruling her motion for new trial, we would have to
rule on the merits of the trial court's determination to proceed with an adjudication of guilt. 
Likewise, we have the same response to her second issue. Because the issue goes to the trial court's
determination of whether to adjudicate guilt, she is not permitted to challenge the sufficiency of the
evidence to show her failure to pay was intentional rather than due to an inability to pay. See
DeLeon, 797 S.W.2d at 188. Finally, whether her inability to pay restitution was established by the
trial court's determination that she is indigent for purposes of appointing counsel on appeal is yet
another sufficiency complaint. Accordingly, we do not have jurisdiction over any of Appellant's
three issues.

 We dismiss this appeal for want of jurisdiction.

Opinion delivered July 31, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.

DO NOT PUBLISH