**Donald EMICH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–00319–CR.**

Court of Appeals of Texas, Waco.

March 17, 2004.

Todd R. Phillippi, Midlothian, for appellant.

Joe F. Grubbs, Ellis County Dist. Atty., for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.*

## MEMORANDUM OPINION

BILL VANCE, Justice.

Donald Emich pled guilty under a pleabargain agreement to injury to a child, a third-degree felony. The trial court placed him on three years' deferred-adjudication community supervision. Three months later, in November 2001, the State filed a motion to adjudicate guilt alleging that Emich failed to report monthly to his probation officer and failed to pay fines and fees. In February 2002, under another plea-bargain agreement, the trial court amended the community-supervision order, continued Emich on community supervision, and required him to serve 180 days in jail. In June 2002, the State filed a second motion to adjudicate guilt alleging that Emich failed to abide by six provisions of his community supervision: to report to his probation officer, to allow his probation officer to visit him, to work and report any changes in employment, to perform community service, and to pay fines and fees. In October 2002, Emich pled "not true" to the allegations, and the trial court held an evidentiary hearing. The court granted the motion, adjudicated guilt, and sentenced him to ten years in prison.

On appeal, Emich complains that (1) the evidence that he violated provisions of the community-supervision order is insufficient, and (2) the motion to adjudicate guilt was not served on Emich or defense counsel, and the motion did not give fair notice of the grounds on which it was based.

■■■ Our initial inquiry is jurisdiction. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex. Crim.App.1996) (A court may *sua sponte* review its subject matter jurisdiction.). We believe that the Court of Criminal Appeals has directly addressed how we determine our jurisdiction in this instance. In *Bayless v. State,* speaking in a case involving an appeal under the former version of Rule 25.2(b)(3), the Court said:

Once a notice of appeal has been timely filed in a case, the Court of Appeals obtains jurisdiction over the case. *Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990). Thus, defects in the notice that do not affect whether the instrument filed with the clerk is actually a notice of appeal do not prevent the appellate court from having jurisdiction over the appeal. Instead, they might affect the matters that are cognizable by the appellate court. 43A GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 43.252 (2d ed.2001). We recognize that in the past we have addressed the issue of whether a notice conferred jurisdiction over a court of appeals when in fact a question of jurisdiction was not at issue. *See, e.g., Davis v. State,* 870 S.W.2d 43, 46 (Tex. Crim.App.1994) (holding that the appel-

---

* This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. Justice Reyna, who took office on January 5, 2004, participated in the decision.

lant's "general notice" of appeal under former Texas Rule of Appellate Procedure 40(b)(1) failed to confer jurisdiction on the Court of Appeals). Similarly, in the present case, the issue is not whether the jurisdiction of the Court of Appeals was invoked; it is whether the Court of Appeals had the power to address the merits of appellant's claims. *Bayless v. State*, 91 S.W.3d 801, 803 n. 2 (Tex.Crim.App.2002). Thus, Emich's notice of appeal conferred jurisdiction on this court. *See Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App.1990) ("Once a notice of appeal has been filed in a case, the Court of Appeals has obtained jurisdiction of that cause. Art. V., § 6, Texas Constitution, confers jurisdiction of all non-death penalty cases on the courts of appeals."). Furthermore, "A constitutional grant of appellate jurisdiction treats a right of appeal in criminal cases 'as a remedy to revise the whole case upon the law and facts, as exhibited in the record.' " *Carter v. State*, 656 S.W.2d 468, 468–69 (Tex.Crim.App. 1983); *see also Carroll v. State*, 101 S.W.3d 454, 456 (Tex.Crim.App.2003) ("Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute."); *State v. Lara*, 924 S.W.2d 198, 201 n. 3 (Tex.App.-Corpus Christi 1996, no pet.).

The question is: what claims may we review? *Bayless*, 91 S.W.3d at 803 n. 2.

■ Article 42.12 § 5(b) represents a limitation on the exercise of our reviewing function. In a deferred-adjudication case, if the trial court determines, after a mandatory hearing, to adjudicate guilt because of a violation of the terms of community supervision, that decision is not appealable. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004) ("No appeal may be taken from this determination."); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.

Crim.App.1992) (citing *Williams v. State*, 592 S.W.2d 931 (Tex.Crim.App.1979) (decision to proceed with an adjudication of guilt is one of absolute non-reviewable discretion)). If guilt is adjudicated, all proceedings thereafter "continue as if the adjudication of guilt had not been deferred." *Id.*

This limitation on the right to raise an issue on appeal regarding the decision to adjudicate has been rather strictly applied by the Court of Criminal Appeals and the courts of appeals in cases attempting to raise a variety of claimed defects:

- proof of due diligence; *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim. App.1999) (defendant may not raise on appeal contentions of error in the "adjudication of guilt process");
- competency to stand trial; *Nava v. State*, 110 S.W.3d 491, 493 (Tex.App.-Eastland 2003, no pet.);
- voluntariness of plea of true to motion to adjudicate; *Hargrave v. State*, 10 S.W.3d 355, 357 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd);
- effectiveness of counsel during adjudication proceeding; *Cooper v. State*, 2 S.W.3d 500, 504 (Tex.App.-Texarkana 1999, pet. ref'd);
- sufficiency of the evidence to revoke community supervision; *Leal v. State*, 962 S.W.2d 652, 653 (Tex.App.-Corpus Christi 1998, no pet.);
- use of illegally seized evidence; *Sanders v. State*, 944 S.W.2d 448, 450 (Tex. App.-Houston [14th Dist.] 1997, no pet.);
- conditions of probation not specific enough to support revocation; *Abdallah v. State*, 924 S.W.2d 751, 754 (Tex. App.-Fort Worth 1996, pet. ref'd);
- failure to state reasons for revocation; *Cole v. State*, 931 S.W.2d 578, 580 (Tex.App.-Dallas 1995, pet. ref'd);

• denial of request for continuance; *Collins v. State*, 912 S.W.2d 864, 864 (Tex. App.-Beaumont 1995, no pet.).

On the other hand, the Court of Criminal Appeals in *Olowosuko* said:

> The problem thus illuminated in a deferred adjudication context lies in a failure to identify the precise matter a defendant seeks to appeal. It is axiomatic that a party may appeal only that which the Legislature has authorized. *Galitz v. State*, 617 S.W.2d 949, at 951 (Tex.Cr. App.1981). Therefore, an appellate court must sort out various rulings a trial court may make in the course of a deferred adjudication proceeding to determine those which the Legislature provided a right to appeal.

*Olowosuko*, 826 S.W.2d at 941. The First Court of Appeals has observed that minimum requirements of due process must be observed in probation (community supervision) revocation hearings. *Osborne v. State*, 845 S.W.2d 319, 321 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd). And, several courts of appeals have reviewed complaints that arose in adjudication proceedings. *Gilbert v. State*, 852 S.W.2d 623, 626 (Tex.App.-Amarillo 1993, no writ) (competency to stand trial); *DeLeon v. State*, 797 S.W.2d 186, 188 (Tex.App.-Corpus Christi 1990, no pet.) (motion untimely); *Eldridge v. State*, 731 S.W.2d 618, 619 (Tex.App.-Houston [1st Dist.] 1987, no pet.) (no meaningful hearing); *Dahlkoetter v. State*, 628 S.W.2d 255, 257 (Tex.App.-Amarillo 1982, no pet.) (judge's authority to hold hearing). To date, we have reviewed only the question of a defendant's competency to stand trial, following the Amarillo Court's decision in *Gilbert*.[1] *Marbut v. State*, 76 S.W.3d 742 746-47 (Tex.App.-Waco 2002, pet. ref'd).

Both of Emich's issues concern matters related to the decision-to-adjudicate process. Thus, article 42.12 § 5(b) precludes our reviewing them. We dismiss issues one and two.

Having dismissed both of Emich's issues, we affirm the judgment.

Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

The common issue I address in these appeals is whether, having determined we have no jurisdiction to review any issue raised, we affirm the judgment or dismiss the appeal. We have not reviewed any aspect of the trial courts' judgments, so, the proper judgment of this Court for each case is to dismiss the appeal. Because the Court affirms the judgments without reviewing them, I respectfully dissent.

The Court has decided we have no jurisdiction over the issues raised by Gray and Emich. The aspect of these appeals that has caused me to dissent is, having no jurisdiction over any issue for review, do we dismiss the appeal or do we affirm the judgment? In our research, we have found a substantial lack of uniformity. There is authority for each. In 1992, the Court of Criminal Appeals addressed the issue in two cases, coming to different conclusions. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App. 1992). I have found no Court of Criminal Appeals case since then which discusses this issue. And the cases cited by the majority do not directly address the issue as did *Phynes* and *Olowosuko*.

The intermediate appellate courts are split on this question. The San Antonio and Austin courts affirm the judgment, thus following *Olowosuko*. *Davis v. State,*

---

1. As noted, the Eastland Court disagrees.

*Nava*, 110 S.W.3d at 493.

No. 03–96–00638–CR, 1997 WL 619810, 1997 Tex.App. LEXIS 5275 (Austin, October 9, 1997, no pet.)(not designated for publication); *Elizondo v. State*, 861 S.W.2d 294 (Tex.App.—San Antonio 1993, no pet.). The First Court in Houston, Dallas, Fort Worth, Beaumont, El Paso, and Corpus Christi dismiss the appeal if the appellant raises no issue over which they have jurisdiction, thus following *Phynes*. *Sugar v. State*, 132 S.W.3d 550(Houston [1st Dist.] 2004, no pet. h.); *Woodard v. State*, No. 05–95–00070–CR, 1996 WL 135681, 1996 Tex.App. LEXIS 1182 (Dallas, March 27, 1996, no pet.)(not designated for publication); *Kendall v. State*, 929 S.W.2d 509 (Tex.App.—Fort Worth 1996, pet. ref'd); *Collins v. State*, 912 S.W.2d 864 (Tex. App.—Beaumont 1995, no pet.); *Eaden v. State*, 901 S.W.2d 535 (Tex.App.—El Paso 1995, no pet.); *Garza v. State*, 839 S.W.2d 131 (Tex.App.—Corpus Christi 1992, no pet.). The reason for the confusion seems to be caused by the apparent inconsistency between *Olowosuko* and *Phynes*, having been issued two weeks apart. The only two cases we have found which mention this inconsistency are *Woodard*, from Dallas, and *Davis*, from Austin.

In *Woodard*, Justice Wright noted the Court of Criminal Appeals specifically instructed courts of appeals to dismiss direct appeals in which an appellant raises an issue over which the court has no jurisdiction, specifically the decision to adjudicate guilt under article 42.12, section 5(b) of the Code of Criminal Procedure. *Woodard*, 1996 WL 135681, 1996 Tex.App. LEXIS 1182, at *1 . She seems to rely, in part, on the fact that Dallas, El Paso, and Beaumont had all dismissed the appeal in this circumstance. *Id.* at *1. But Justice Wright also noted the apparent inconsistency of *Olowosuko* and *Phynes* and that neither case referenced the other. *Id.* at *1, n. 1.

The Austin court has also mentioned the discrepancy and chose to follow *Olowosuko*, noting that it was issued two weeks after *Phynes* and thus appeared to be the last word from the Court of Criminal Appeals on the subject. *Davis*, 1997 WL 619810, 1997 Tex.App. LEXIS 5275, at *2, n. 4. With this portion of Austin's analysis, I must respectfully disagree. *Olowosuko* had no motion for rehearing, whereas a motion for rehearing in *Phynes* was denied on April 15, a month after *Olowosuko* was issued. Thus, *Phynes* was the Court's last word directly on the subject.

My esteemed colleagues miss the apparent differentiation between affirming a trial court judgment as compared to dismissing an appeal. This distinction comes from the very definition of the terms. *Affirm* is defined as: "To confirm (a judgment) on appeal." *Black's Law Dictionary* 59 (Bryan A. Garner ed., 7th ed., West 1999). To confirm means to give formal approval of something. *Id.* at 294. Whereas *dismiss* is defined as: "To send (something) away; specif., to terminate (an action or claim) without further hearing, esp. before the trial of the issues involved." *Black's Law Dictionary* at 482. In neither of these appeals have we reviewed any aspect of the judgment. Therefore, we cannot give formal approval of, or affirm, the trial court's judgment. Indeed, we have determined that although our jurisdiction has been invoked by a notice of appeal, we do not have jurisdiction to review any of the issues argued by either appellant. Thus, neither appellant has presented anything we can review, and we must terminate their appeals without review of the issues presented. That is, we must dismiss the appeals.

Is this a distinction without difference? No. There is at least one critical distinction between a judgment of affirmance and the dismissal of an appeal. An affirmance, as

is a reversal, is a judgment of the court that can be enforced by a writ of prohibition. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 683 (Tex.1989). However, when a court does not rule on the merits of an issue and properly dismisses the appeal, it does not issue a judgment that is capable of enforcement by the extraordinary writ of prohibition. *Id. See also Fitch v. International,* 163 Tex. 221, 354 S.W.2d 372, 373 (1962). I have not engaged in an exhaustive search for other distinctions that may merit consideration.

A former colleague of mine frequently instructed new lawyers: "You are a lawyer now. Words are your tools. Learn to use them with precision." I took that instruction to heart. As a judge, I try to be even more careful.

Because we have reviewed no aspect of the validity of the judgments, we should dismiss these appeals.[1] Because the majority affirms the judgments, I respectfully dissent.

---

1. We have not been favored with a brief which discusses the collateral consequences, if any, to a person convicted if the appeal is affirmed rather than dismissed. If there are any consequences, it would be helpful if the parties would bring them to the court's attention.