IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00348-CR

 

Tina Lynn Hooper,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2002-1246-C

 



MEMORANDUM  Opinion










 

      Hooper attempts to appeal the revocation
of her deferred-adjudication community supervision for forgery by check.  See
Tex. Penal Code Ann.
§ 32.21(a) (Vernon 2003); Act of May 29, 1993, 73d Leg., R.S., ch. 900,
art. 1, § 1.01, sec. 32.21(d), 1993 Tex. Gen. Laws 3586, 3644 (amended 2003)
(current version at Tex. Penal Code Ann.
§ 32.21(d) (Vernon Supp. 2005)); Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(a)-(b) (Vernon Supp. 2005). 
We affirm.

      In two issues, Hooper attempts to complain
of the trial court’s restitution order in Hooper’s original guilty plea
proceeding.  “[A] defendant placed on deferred adjudication community
supervision may raise issues relating to the original plea proceeding, such as
evidentiary sufficiency, only in appeals taken when deferred adjudication
community supervision is first imposed.”  Nix v. State, 65 S.W.3d 664,
667 (Tex. Crim. App. 2001) (quoting Manuel v. State, 994 S.W.2d 658,
661-62 (Tex. Crim. App. 1999)).  We dismiss Hooper’s issues.

      Having dismissed Hooper’s
issues, we affirm.  See Emich v. State, 138 S.W.3d 398, 401 (Tex. App.—Waco 2004, no pet.) (mem. op.).

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed April 5, 2006

Do
not publish

[CR25]






kept in
the normal course of the operation of the probation department; is that
correct?

 

A:        That’s correct.

 

Q:        Okay.  Records made by people who have
personal knowledge of the entries, is that right?

 

A:        That’s correct.

 

Q:        Okay.  And you’ve had a chance to look
at that.  And based on what you’ve seen in those records, do you have an
opinion on whether Ms. Rollins is a truthful person or not?

 

A:        Yes, I do.

 

Q:        And what would that be?

 

A:        That she is not a truthful person.

 

            It is apparent that at the trial
court, Davis was seeking to elicit testimony regarding the probation officer’s opinion
regarding the victim’s character for truthfulness, not the victim’s reputation
for truthfulness.  However, his complaint to this Court relates solely to
reputation evidence.  Testimony regarding a witness’s opinion of the victim’s
character for truthfulness is not the same as a witness’s knowledge of the
victim’s reputation for truthfulness.  See, generally, Scott
v. State, 222 S.W.3d 820, 823-826 (Tex. App.—Houston [14th Dist.] 2007, no
pet.).  The first is the direct opinion of the witness, which could be based
solely on personal knowledge.  The second is based on significantly more
information.  Reputation evidence must be based on conversations with others or
hearing others discuss the reputation of the individual in question, not just
personal knowledge.  See Adanandus v. State, 866 S.W.2d 210, 226 (Tex. Crim. App. 1993).   Davis’s complaint does not comport with his objection at trial. 
To preserve error for appellate review, the point of error on appeal must
comport with the objection made at trial.  See Tex. R. App. P. 33.1; see also Sorto v. State, 173
S.W.3d 469, 476 (Tex. Crim. App. 2005).  We overrule issue one.

Evidence of Gang Membership 

            Davis complains that the trial court erred by allowing the
introduction of evidence of his purported membership in the “Crips,” including
the introduction of a photograph of Davis making a gang sign in the punishment
phase of his trial.  Davis contends that the admission of the gang-related
evidence was more prejudicial than probative.  However, during the testimony
given relating to Davis’s purported gang membership and the activities of the
Crips in general, Davis only objected one time on the basis of relevance. 
Therefore, we limit our consideration of this issue to the only time Davis objected on the basis that the evidence was more prejudicial than probative, which
was at the time of the admission of the photograph.  See Tex. R. App. P. 33.1.  

            We review challenges to the admission
of evidence for an abuse of discretion by the trial court.  Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g) (“as long
as the trial court's decision was within the zone of reasonable disagreement
and was correct under any theory of law applicable to the case, it must be upheld”). 
Evidence of membership in a gang during the punishment phase of a trial is
generally admissible as evidence of the defendant’s character, as is evidence
relating to the activities of the gang.  Beasley v. State, 902 S.W.2d
452, 456-57 (Tex. Crim. App. 1995).  Davis does not cite to any authorities in
support of his contention that the photograph should have been excluded.  We do
not believe that the admission of the photograph of Davis was outside of the
zone of reasonable disagreement.  We overrule issue two.

Conclusion

            We find that the argument made in this
appeal regarding the admission of the opinion of the probation officer does not
comport with his objection at trial.  We find that the trial court did not
abuse its discretion in the admission of a photograph of Davis making a gang
sign.  We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice




Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed July 21, 2010

Do not publish 

[CRPM]