IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00037-CV

 

In the
Interest of E.A.R., E.A.R., and I.D.A., Children

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 04-00-13593-CV

 



Opinion










 

          Anabertha Mederos Arias appeals the
trial court’s judgment ordering the termination of Arias’s parental rights to
her children, E.A.R., E.A.R., and I.D.A.  We affirm.

          The Texas Family Code requires an
appellant of a state initiated termination order to file with the trial court,
no later than 15 days after the final order is signed, a statement of points on
which the appellant intends to appeal.  Tex.
Fam. Code Ann. § 263.405(b) (Vernon Supp. 2005).  The statement can be
combined with a motion for new trial.  Id.  We, as the “appellate
court[,] may not consider any issue that was not specifically presented to the
trial court in a timely filed statement of points….”  Tex. Fam. Code Ann. § 263.405(i) (Vernon Supp. 2005).

          The final order of termination in this
case was signed on January 30, 2006.  Arias did not file the required statement
of points and did not file a motion for new trial.  In her brief, she attempts
to raise three issues on appeal.  After reviewing the record and the briefs
filed in this appeal, a majority of the Court questioned whether the case was
properly presented in the briefs, specifically questioning our ability to
address any issue raised in Arias’s brief.  Tex.
R. App. P. 38.9(b); In re E.A.R., No. 10-06-00037-CV, 2006 Tex.
App. LEXIS 3348 (Tex. App.—Waco April 26, 2006, order).  The Court gave her 14
days to file a supplemental brief explaining why the issues in her initial
brief should not be dismissed and the judgment affirmed.  Id.  Arias’s
supplemental brief does not convince us that we are able to address any of her
issues in her initial brief without the required timely filed statement of
points.  The supplemental brief argues only that the case-law under the prior
version of the statute did not prohibit the Court from addressing the issues.

Under the express terms of the amended statute,
we cannot consider her issues or any other potential issue on appeal.  See
Tex. Fam. Code Ann. § 263.405(i)
(Vernon Supp. 2005); In re S.E., No. 04-05-00750-CV, 2006 Tex. App. LEXIS 3079 (Tex. App.—San Antonio April 19, 2006, no pet. h.); In re J.M.S.,
No. 06-05-00139-CV, 2005 Tex. App. LEXIS 10524, *2 (Tex. App.—Texarkana Dec.
20, 2005, no pet.) (mem. op.).

          Arias’s issues are dismissed, and the
trial court’s judgment is affirmed.  See Emich v. State, 138
S.W.3d 398, 401 (Tex. App.—Waco 2004, no pet.); Gray v. State, 134
S.W.3d 471, 472 (Tex. App.—Waco 2004, no pet.).

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

(Justice
Vance concurring)

Affirmed

Opinion
delivered and filed June 14, 2006

[CV06]






;        

      Roy White was convicted of aggravated assault against an employee of the Texas Department
of Criminal Justice-Institutional Division and sentenced to twenty years in prison. See Tex.
Penal Code Ann. § 22.02 (Vernon Supp. 1993). On appeal, he raises one point of error: that
the trial court's ruling in the Batson hearing was clearly erroneous. White argues that the trial
court improperly denied his motion to dismiss the array. See Tex. Code Crim. Proc. Ann. art.
35.261 (Vernon 1989). 
       Case law regarding Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986),
continues to be developed. The correct standard of review for a Batson hearing is the "clear error
standard." Vargas v. State, 838 S.W.2d 552, 554 (Tex. Crim. App. 1992) (citing Hernandez v.
New York, U.S. , 111 S.Ct. 1859, 1871, 114 L.Ed.2d 395 (1991)). The standard is applied
by reviewing the trial court record including the voir dire, racial makeup of the venire and the
explanations of the prosecutor. The finding of the judge must be supported by the record so that
it is not clearly erroneous. Vargas, 838 S.W.2d at 554. "A finding is 'clearly erroneous' when
although there is evidence to support it, the reviewing court on the entire evidence is left with the
definite and firm conviction that a mistake has been committed." Whitsey v. State, 796 S.W.2d
707, 721 (Tex. Crim. App. 1990) (on rehearing) (citing United States v. United States Gypsum
Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). We find no such error here.
      The party raising a Batson challenge must first make a prima facie showing that the opposing
party has made its preemptory strikes with discriminatory purpose.


 Batson, 106 S.Ct. at 1723,
see also Emerson v. State, No. 1139-90, slip op. at 2 (Tex. Crim. App. Feb. 24, 1993); Williams
v. State, 804 S.W.2d 95, 101 (Tex. Crim. App.), cert. denied, 111 S.Ct. 2875, 115 L.Ed.2d 1038
(1991). The burden then shifts, requiring the opposing party to provide non-discriminatory
explanations for its preemptory strikes. The explanations must be clear and reasonably specific
to the veniremember challenged. Whitsey, 796 S.W.2d at 713. The court then decides whether
the party raising the issue has succeeded in sustaining its burden of persuasion; that is, were the
non-discriminatory reasons provided by the opposing party merely pretextual. Id. at 716. The
trial court must adequately preserve both its reasoning and the evidentiary basis for its decision
on the record. Williams, 804 S.W.2d at 101. 
      The trial court found that White, who is black, made a prima facie showing of discrimination
by the State when the prosecutor used a preemptory strike against Veniremember Number 21, who
was the only black veniremember. In light of the court's language in Keeton v. State, 724 S.W.2d
58, 65 n.5 (Tex. Crim. App. 1987), a party may not eliminate any potential juror with
discriminatory purpose. 
        The State asked only cursory questions to Veniremember Number 21. White argues that this
lack of examination by the State implicates the holdings in Whitsey and Emerson. This case is
distinguishable from both. In each of those cases, the prosecution failed to ask veniremembers
any questions that would have assisted in determining whether the veniremember did indeed have
those qualities ascribed to him at the later Batson hearing. Each prosecutor offered the explanation
that the veniremember in question was a teacher and that teachers tend to be liberal, but failed to
provide evidence that this generalization applied to the individual in question. In both cases the
Court of Criminal Appeals found this explanation, based on group bias where the group trait is
not shown to apply to the individual veniremember, deficient as a non-discriminatory reason.
      In the present case, the State introduced evidence of a non-discriminatory reason for the
strike. The prosecutor offered data from the juror information card as evidence that the
veniremember was a clergyman. See Cornish v. State, 848 S.W.2d 144 (Tex. Crim. App. 1993)
(holding that juror information cards, though not formally introduced into the record, were
nevertheless part of the record on appeal). The prosecutor contended that members of the clergy
tended to be more forgiving and thus less useful to the State. Although the prosecutor did not
directly examine the veniremember on this point, he did offer other evidence that the
characteristics ascribed to the veniremember were sufficiently individualized to show a non-discriminatory motive. An investigator for the District Attorney's office testified at the Batson
hearing that the church where Veniremember Number 21 was employed as associate pastor had,
within that period of employment, declined to prosecute a felony involving theft of $2,000.00 of
the church's money. We hold that direct examination of the veniremember is not absolutely
required if there is other evidence in the record that tends to show the veniremember possesses the
group trait ascribed to him. 
             The trial court found the evidence of non-discriminatory purpose compelling and amply
supported its reasoning in the record. We hold the court's denial of White's motion to dismiss the
array was not clearly erroneous. White's point is overruled.
      We affirm.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 2, 1993
Do not publish