

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-55,166-03

### EX PARTE DONALD KEITH EMICH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 25685CR/C IN THE 40TH DISTRICT COURT FROM ELLIS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to injury to a child and was placed on deferred adjudication community supervision. He was later adjudicated guilty and sentenced to ten years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Emich v. State*, 138 S.W.3d 398 (Tex. App. — Waco 2004) (no pet.). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The trial court entered findings of fact and conclusions of law recommending that relief be denied. Nevertheless, on May 5, 2021, this Court dismissed this application as a subsequent application barred by Article 11.07, Section 4 of the Texas Code of Criminal Procedure.

On the same date the application was dismissed, this Court received a State's Motion to Reconsider and Abate For Further Proceedings. In this motion, the State points out that the trial judge who entered the findings of fact, conclusions of law and recommendation to deny relief was disqualified from presiding over the habeas proceedings because she had previously participated as a prosecutor in the plea proceedings in this case. The State asks this Court to reconsider its dismissal and abate the matter to the trial court so that a different trial judge can consider the application and the State's response and issue findings of fact and conclusions of law.

Because motions for reconsideration are prohibited by Rule 72.2 of the Texas Rules of Appellate Procedure, the State's motion is dismissed. However, because the trial judge was disqualified from presiding over this matter this Court will, on its own motion, withdraw the previous dismissal without written order of Applicant's habeas application. TEX. R. APP. P. 79.2(d).

Based solely on this Court's independent review of the entire record and evaluation of the applicable law, without regard to any findings of fact and conclusions of law entered by the trial court, this Court finds that Applicant has failed to allege sufficient specific facts establishing that the current claims and issues could not have been presented previously or by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found Applicant guilty beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(a)-(c); *Ex parte St. Aubin*, 537 S.W.3d 39, 43-45 (Tex. Crim. App. 2017). The application is dismissed as a subsequent application barred by Article 11.07, Section 4 of the Texas Code of Criminal Procedure.


Filed: May 26, 2021
Do not publish