**Ex parte Clifford RICHARDSON.**

**No. 46716.**

Court of Criminal Appeals of Texas.

June 27, 1973.

Ronald E. Walker, Jr., Amarillo, for petitioner.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is a post conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P., and in accordance with the holding in Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.

Petitioner was convicted of the offense of burglary in the 47th District Court of Potter County in Cause No. 10,389 on May 11, 1959, and assessed an eight year probated sentence by the Court. No appeal was taken. On May 16, 1961, petitioner's probation was revoked, and he was committed to the Texas Department of Corrections to serve out this sentence.

Petitioner filed an application for writ of habeas corpus alleging that his confinement is illegal in that he was denied his right to counsel at this 1961 probation revocation hearing, he was indigent and did not waive counsel. In reviewing this application for writ of habeas corpus, the trial court did not conduct a hearing but found that petitioner was not represented by counsel at the time of the revocation hearing; however, the trial court made no finding as to petitioner's indigency at the time of this hearing, nor was any finding made as to waiver of counsel.

Pursuant to our order of May 15, 1973, that the trial court conduct supplemental proceedings within thirty (30) days to determine if there was any additional evidence to be produced by any of the parties in reference to petitioner's claim, a hearing on petitioner's application for writ of habeas corpus was held on June 5, 1973, in the 47th District Court of Potter County.

The record reflects that following the hearing the trial court found that the testimony showed that petitioner was not represented by counsel at the time his probation was revoked. The court further found that petitioner was indigent and that he did not waive appointment of counsel at the revocation hearing.

We conclude that the findings of the trial court are supported by the evidence, and that the petitioner is entitled to relief. Ex parte Bird, Tex.Cr.App., 457 S.W.2d 559; Ex parte Byrd, Tex.Cr.App., 465 S.W.2d 948; Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) [applied retroactively in McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968)].

Petitioner is ordered released from confinement by the Department of Corrections and delivered to the Sheriff of Potter County to answer the motion to revoke probation in Cause No. 10,389.

Opinion approved by the Court.