IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,431-01






EX PARTE ROGER DEAN UPCHURCH, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 32027A IN THE 18TH DISTRICT COURT


FROM JOHNSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to 20 years' imprisonment. He did not appeal his conviction.

 Applicant alleges that he was improperly deprived of his right to be represented by counsel
at his deferred adjudication probation revocation proceeding even though he repeatedly requested
that counsel be appointed. Specifically, he alleges that he was indigent at the time of his revocation
proceeding as he had recently lost his job and was living in his parents' shed. He alleges that the trial
judge refused to appoint counsel and insisted that he represent himself at the revocation proceeding.
He alleges that he never waived his right to counsel. 

 Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte Bird, 457
S.W.2d 559 (Tex. Crim. App. 1970); Ex parte Richardson, 496 S.W.2d 611 (Tex. Crim. App. 1973). 
 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall
supplement the record with copies of any documents related to Applicant's indigency and request
for appointment of counsel including a transcription of the court reporter's notes from any indigency
hearing. The trial judge shall also supplement the record with a copies of all documents pertaining
to Applicant's waiver of his right to counsel. The trial judge shall supplement the record with a copy
of the admonishments he gave to the Applicant concerning the dangers and disadvantages of self-representation. Finally, the trial judge shall order Robert L. Ward to file an affidavit addressing the
following issues: (1) whether Applicant contacted counsel to request that he represent Applicant in
the adjudication proceeding in this cause, and if so, when Applicant contacted counsel; (2) whether
counsel believed that Applicant could afford to hire a counsel to represent him at the adjudication
proceeding, and, if so, why; (3) whether counsel believes that Applicant freely and voluntarily
waived his right to counsel on the day of the adjudication proceeding and, if so, why; and, (4)
whether counsel would have been willing to represent Applicant at the adjudication proceeding if
had he been appointed to do so. In the appropriate case, the trial court may rely on its personal
recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant requested a determination
of indigency and appointment of counsel and, if so, when Applicant made said requests. The trial
court shall make findings of fact as to when the court made its indigency determination and as to
what evidence supported its determination. The trial court shall make findings of fact as to whether
Applicant waived his right to counsel and, if so, whether said waiver was voluntary. The trial court
shall make findings of fact as to whether the trial court admonished Applicant as to the dangers and
disadvantages of self-representation and, if so, shall detail the court's admonishments. The trial
court shall make findings of fact as to whether Applicant contacted Ward to request that he represent
Applicant in the adjudication proceeding in this cause, and if so, when Applicant contacted him. The
trial court shall make findings of fact as to whether Ward believed that Applicant could afford to hire
a counsel to represent him at the adjudication proceeding. The trial court shall make findings of fact
as to whether Ward believes that Applicant freely and voluntarily waived his right to counsel on the
day of the adjudication proceeding. The trial court shall make findings of fact as to whether Ward
would have been willing to represent Applicant at the adjudication proceeding if had he been
appointed to do so. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 25, 2009

Do not publish