**Phillip Warren ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–04–00023–CR.**

Court of Appeals of Texas, Waco.

May 26, 2004.

Rehearing Overruled June 22, 2004.

Walter M. Reaves Jr., West, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**MEMORANDUM OPINION**

PER CURIAM.

Phillip Warren Roberts pleaded guilty to two counts of indecency with a child. Pursuant to a plea agreement, the court deferred an adjudication of guilt and placed Roberts on unadjudicated community supervision for ten years. The court subsequently adjudicated Roberts's guilt, sentenced him to twenty years' imprisonment on each count, and ordered the sentences to run consecutively.

Roberts contends in his sole issue that the court erred by adjudicating his guilt for violations which the court had considered in a prior hearing which resulted in a modification of the terms and conditions of his unadjudicated community supervision. This issue concerns the trial court's determination to proceed with an adjudication of guilt. Article 42.12, section 5(b) of the Code of Criminal Procedure prohibits Rob-

erts from raising this issue on appeal. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004); *Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Crim.App.1999); *Williams v. State,* 592 S.W.2d 931, 932–33 (Tex.Crim.App. [Panel Op.]1979); *Gray v. State,* 134 S.W.3d 471, 472 (Tex.App.-Waco 2004, no pet. h.). Thus, we dismiss Roberts's sole issue.

We affirm the judgment. *See Williams,* 592 S.W.2d at 933; *Gray,* 134 S.W.3d at 472–73.

Chief Justice GRAY dissents.

TOM GRAY, Chief Justice, dissenting.

Until the precedential value of *Gray* and *Emich* are established, I note my dissent to the affirmance of the trial court's judgment, which we have not reviewed, when dismissal is the proper disposition of this appeal. *See Gray v. State,* 134 S.W.3d 471 (Tex.App.-Waco 2004, no pet. h.)(Gray, C.J., dissenting); *Emich v. State,* 138 S.W.3d 398 (Tex.App.-Waco 2004, no pet. h.)(Gray, C.J., dissenting). Interestingly, the majority attempts to bolster its position that affirming the judgment *is* the proper disposition by citing the 1979 Court of Criminal Appeals opinion, *Williams v. State. See Williams v. State,* 592 S.W.2d 931 (Tex.Crim.App.1979). The distinct difference between *Williams* and this case is that, in *Williams,* the Court of Criminal Appeals reviewed the record and found no reversible error. *Id.* at 933. In this case, we did not.

Thus, I respectfully dissent.