George Vernon MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–03–00201–CR.

Court of Appeals of Texas,
Waco.

Feb. 23, 2005.

L. Patrick Davis, Ft. Worth, for appellant.

Dale S. Hanna, Somervell County Dist. Atty., David W. Vernon, Somervell County Asst. Dist. Atty., Cleburne, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Pursuant to a plea bargain, the court placed George Vernon Martinez on deferred adjudication community supervision. The State later filed a motion to adjudicate Martinez's guilt. After a contested hearing, the court adjudicated Martinez's guilt and sentenced him to twelve years' imprisonment. Martinez then filed a motion for new trial, which the court overruled. Martinez contends in two issues that the court abused its discretion by: (1) denying him an evidentiary hearing on the motion; and (2) overruling the motion. Because the issues raised in the motion for new trial relate back to the original plea proceeding, we hold that they must be raised by a habeas application. Accordingly, we will affirm.

In *Jordan v. State*, the Court of Criminal Appeals held that a defendant who had originally been placed on deferred adjudication community supervision could not challenge the voluntariness of his guilty plea by motion for new trial filed after the adjudication of his guilt because a defendant is not allowed to attack his original plea in an adjudication proceeding. 54 S.W.3d 783, 786 (Tex.Crim.App.2001) (citing *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999)); *contra Keller v. State*, 854 S.W.2d 224, 227–28 (Tex.App.-Beaumont 1993, pet. ref'd) (addressing merits of post-adjudication motion for new trial alleging newly discovered evidence).[1] Instead, the Court held that a habeas application is the proper means to pursue such an attack. *Jordan*, 54 S.W.3d at 786.

An exception to the rule announced in *Jordan* is that a defendant may raise a post-adjudication allegation that the judgment in the original plea proceeding is void. *Id.* at 785 (citing *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex.Crim.App. 2001)). However,

[a] judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (*i.e.* indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright*.

While we hesitate to call this an exclusive list, it is very nearly so.

*Nix*, 65 S.W.3d at 668 (footnotes omitted).

In this case, Martinez contends that newly discovered evidence establishes his innocence. However, the evidence he has discovered would do no more than discredit the complainant's allegations. This does not rise to the level of the "no evidence" required to establish a "void" judgment under *Nix*.

Here, the only difference between Martinez's case and Jordan's is that Martinez is challenging the original plea on the basis of newly discovered evidence rather than on the basis of an involuntary plea. Martinez must pursue this issue in a habeas application. *See Jordan*, 54 S.W.3d at 786.

Accordingly, we overrule the issues presented and affirm the judgment.

---

**1.** Because *Keller* appears to be in direct conflict with *Jordan*, we decline to follow it.