IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00178-CR

 

Herbert Paul Smith,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 405th District Court

Galveston County, Texas

Trial Court No. 96CR0243

 



MEMORANDUM  Opinion



 








          Pursuant to a plea bargain, Herbert
Paul Smith pleaded guilty to indecency with a child, and the court placed him
on deferred adjudication community supervision for six years.  The State filed
a motion to adjudicate.  Smith pleaded “true” to one of the allegations in the
motion, and after a hearing, the court sentenced Smith to ten years’
imprisonment.  Smith presents ten points of error challenging both the original
guilty plea and the subsequent adjudication of his guilt.  We will affirm.

          Smith contends in his seventh and
eighth points that his original guilty plea was involuntary.  However, with one
exception not applicable to this case, a defendant who was originally placed on
deferred adjudication community supervision may not challenge the voluntariness
of his original guilty plea after the subsequent adjudication of his guilt.  See
 Jordan v. State, 54 S.W.3d 783, 785-86 (Tex. Crim. App. 2001); Martinez v. State, No. 10-03-00201-CR, 2005 Tex. App. LEXIS 1488 at **1-3
(Tex. App.—Waco Feb. 23, 2005, pet. filed).  Accordingly, we overrule Smith’s
seventh and eighth points.

          Smith contends in his first six points
that he received ineffective assistance of counsel from trial counsel during
the adjudication proceeding.  However, a defendant is statutorily barred from
complaining on appeal of issues relating to the adjudication of guilt process. 
See Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2004–2005); Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999).  This prohibition has been expressly
applied to ineffective assistance claims.  See Cooper v. State, 2 S.W.3d
500, 504 (Tex. App.—Texarkana 1999, pet. ref’d); Griffin v. State, 936
S.W.2d 706, 707 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). 
Accordingly, we dismiss Smith’s first six points.  See Roberts v. State,
141 S.W.3d 685, 685-86 (Tex. App.—Waco 2004, pet. ref’d) (per curiam).

          Smith contends in his ninth point that
the judge originally assigned to hear the motion to adjudicate was disqualified
because the complainant in this case is her niece.  He contends in his tenth
point that the judge who ultimately presided over the hearing on the State’s
motion to adjudicate was disqualified because the judge’s son was a prosecutor
in the district attorney’s office when Smith’s son was prosecuted for murder in
1996.  As with Smith’s ineffective assistance claims however, these issues
relate to the adjudication of guilt process and cannot be raised on appeal.[1] 
See Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b); Connolly, 983 S.W.2d at 741.  Accordingly, we dismiss
Smith’s ninth and tenth points.  See Roberts, 141 S.W.3d at 685-86.

We affirm the judgment.

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs with a note)*

Affirmed

Opinion delivered and
filed July 13, 2005

Do not publish

[CR25]

 

          *(“Having
dismissed all of Smith’s issues, thus not reaching the merits of any issue, I
continue to believe we err by affirming a judgment we have not reviewed in any
way.  But affirming the judgment is what the majority has done in the past so I
am bound by that procedure.”)









[1]
          We also note that the record
contains no evidence to support
Smith’s unsubstantiated allegations regarding these judges.