IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-01-00420-CV

 

James C. Pettit, D.O.,

                                                                      Appellant

 v.

 

Jimmy and Carolyn Dowell, 

Individually and on behalf

of the Estate of 

Jonathan Lance Dowell, Deceased,

                                                                      Appellees

 

 

 



From the 170th District Court

McLennan County, Texas

Trial Court # 99-2717-4

 



DISSENTING Opinion



 

      This is an appeal of a wrongful death and
survival suit.  We should reverse and render.  Because the majority does not do
so, I respectfully dissent.

      In Appellant’s first issue, he contends
that there was no evidence of proximate cause.  We should sustain this issue.

      Appellees contend that Appellant waived
his issue by failing to object to the testimony of one of Appellees’ expert
witnesses.  The cases cited by Appellees, to the extent that they are on point,
concern the waiver of objections to the methodological reliability of expert
testimony, not the sufficiency of the evidence.  See Mar. Overseas Corp. v.
Ellis, 971 S.W.2d 402, 409 (Tex. 1998); Crown Cent. Petroleum Corp. v.
Coastal Transp. Co., 38 S.W.3d 180, 190 (Tex. App.—Houston [14th Dist.]
2001), rev’d, 136 S.W.3d 227 (Tex. 2004); Gen. Motors Corp. v.
Castaneda, 980 S.W.2d 777, 780 n.2 (Tex. App.—San Antonio 1998, pet.
denied).[1]  By making an objection to the charge, filing a
motion to disregard jury questions and for judgment notwithstanding the
verdict, and filing a motion for new trial, all on the grounds that there was
no evidence of proximate cause, Appellant preserved his no-evidence complaint. 
See Kerr-McGee Corp. v. Helton, 133 S.W.3d 245, 259 (Tex. 2004); T.O.
Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 220 (Tex. 1992).

      Appellees contend that Appellant failed to
conduct an appropriate medical examination of Lance Dowell, or failed to admit
Lance to a psychiatric hospital, and that that failure caused Lance’s death. 
Appellant treated Lance in a hospital emergency room for shallow self-inflicted
cuts to his wrists.  The undisputed evidence was that when Appellant treated
Lance, Lance was lucid, calm, remorseful, stable, and not actively suicidal. 
There is no evidence that, if Appellant had recommended admission to a
psychiatric hospital, Lance would have agreed or could have been compelled to
be admitted.  After Lance was released from the hospital to Appellees, and
until his death, they saw nothing out of the ordinary about him except that he
was “more withdrawn.”  The day that he was released from the hospital, Lance visited
with his family, went to a rodeo, and visited with friends.  The next day, he
had lunch with his family and helped a friend bale hay.  About a day and a half
after he left the hospital, Lance hanged himself.  Appellees’ expert testified,
at most, that had Lance been admitted to a hospital the probability that he
would commit suicide upon his release would have been reduced.

      Under these facts, there is no evidence
that Appellant’s conduct was a substantial cause of Lance’s death.  See IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Ramos, 143 S.W.3d 794, 798-800
(Tex. 2004); Marathon Corp. v. Pitzner, 106 S.W.3d 724, 727 (Tex. 2003); St. Joseph Hosp. v. Wolff, 94 S.W.3d 513, 519-20 (Tex. 2002); Dallas County Mental Health & Mental Retardation v. Bossley,
968 S.W.2d 339, 343-44 (Tex. 1998).  Accordingly, we should sustain Appellant’s
first issue.

      We should, then, after sustaining
Appellant’s first issue, reverse and render judgment that Appellees take
nothing from Appellant.  Therefore, we should not consider Appellant’s other
issues.

      Because the disposition of the first issue
would be dispositive of the appeal, I will not discuss my disagreements with
the remainder of the majority’s opinion.  I note only in passing that an
estate, by that name, is not a proper party to litigation.  Embrey v. Royal
Ins. Co. of Am., 22 S.W.3d 414, 415 n.2 (Tex. 2000); Price v. Estate of
Anderson, 522 S.W.2d 690, 691 (Tex. 1975).  I also note that two notices of
appeal from the same judgment should bear the same docket number on appeal.  Tex. R. App. P. 12.2(c).  Docketing
this cause and Cause No. 10-02-00026-CV, styled Providence Health Ctr. v.
Dowell, as two separate appeals was improper.

TOM
GRAY

Chief Justice

Dissenting opinion
delivered and filed August 10, 2005









[1]       See also Coastal
Transp. Co v. Crown Cent. Petroleum Corp., 136 S.W.3d 227, 231-33 (Tex. 2004); Kerr-McGee Corp. v. Helton, 133 S.W.3d 245, 252 (Tex. 2004).








otnoteReference>[4] 
Counsel for Randall and RPC responded that he had “proferred pretty well what
we think the proof is going to be.”  The court then asked Phillip’s counsel,
“[A]re there any witnesses you want to call for this?”  Counsel stated that
some of the publishers were available to testify but he didn’t “think they
w[ould] disagree with [his summary of the pertinent facts].”

          Statements of counsel do not generally
constitute evidence unless made under oath.  Banda v. Garcia, 955 S.W.2d
270, 272 (Tex. 1997); Russ v. Titus Hosp. Dist., 128 S.W.3d 332, 338 (Tex. App.—Texarkana 2004, pet. denied).  However, the oath requirement can be waived if the
opposing party fails to object when he knows or should know that an objection
is necessary.  Id.

          Phillip’s counsel should have known
that an objection was necessary when Judge Strother asked whether the available
witnesses would provide testimony any different than what had been stated by
counsel and advised counsel that he did not think an evidentiary hearing was
necessary.  Phillip did respond that Judge Strother should not dissolve the
prior injunction “without the benefit of all that evidence” which Judge
Mayfield heard when he granted the initial injunction.  Phillip never called or
attempted to call a single witness and was not prevented from doing so despite
his appellate protestations to the contrary.  He did not pursue an objection to
the lack of a formal evidentiary hearing in a motion for new trial or other
post-order motion.

At best, the statements of Phillip’s counsel
would constitute an objection to dissolving the prior injunction without the
introduction of evidence.  To the extent that Phillip’s complaint relates to
the court’s decision to grant a temporary injunction in favor of Randall and RPC
without hearing live testimony, he has failed to preserve that complaint for
appellate review.  See Tex. R.
App. P. 33.1(a)(1); Banda, 955 S.W.2d at 272; Russ, 128
S.W.3d at 338. 

          To the extent that Phillip’s complaint
relates to the court’s decision to dissolve the prior temporary injunction, we
will conclude hereinafter that the court had sufficient evidence before it to
dissolve the injunction.

          We review an order dissolving an
injunction for an abuse of discretion.  See Lee-Hickman’s Invs. v. Alpha
Invesco Corp., 139 S.W.3d 698, 702 (Tex. App.—Corpus Christi 2004, no pet.)
(per curiam); Chase Manhattan Bank v. Bowles, 52 S.W.3d 871, 879 (Tex.
App.—Waco 2001, no pet.).  An injunction may be dissolved upon a showing of
changed circumstances which have altered the status quo since the granting of
the injunction.[5]  See
Chase Manhattan Bank, 52 S.W.3d at 878-79; Murphy v. McDaniel, 20
S.W.3d 873, 878 (Tex. App.—Dallas 2000, no pet.).

          Here, Randall and RPC offered in evidence
the letter that Phillip, after the entry of the temporary injunction, mailed to
the publishers purporting to suspend the requirement that they pay management
fees to RPC.  They also offered in evidence a letter from the publishers’
attorney advising RPC that the publishers intended to suspend payment of the
management fees accordingly.

          Because Randall and RPC presented
evidence of changed circumstances which would alter the status quo, we cannot
say that the court abused its discretion by dissolving the temporary
injunction.  Id.  Accordingly, we overrule Phillip’s first issue and do
not reach his second issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring and dissenting)

Affirmed

Opinion delivered and
filed February 8, 2006

[CV06]









[1]
          See Roberts v. State, 141
S.W.3d 685 (Tex. App.—Waco 2004, pet. ref’d) (per curiam).





[2]
          The initial injunction was
granted by the Honorable Alan Mayfield, the elected judge of the 74th District Court of McLennan County.  Judge Mayfield was unavailable for the hearing on the
motion to dissolve this injunction, so it was heard by the Honorable Ralph
Strother, the elected judge of the 19th District Court of McLennan County.  See Tex. Gov't Code Ann. §
74.094(a) (Vernon 2005).

 





[3]
          Phillip’s first issue presents 2
sub-issues: (1) whether the court conducted an “inadequate hearing”; and (2)
whether Randall and RPC presented evidence of changed circumstances sufficient
to justify the dissolution of the temporary injunction.  Phillip does not
challenge the sufficiency of the evidence to support the court’s decision to
grant Randall’s and RPC’s request for a temporary injunction.





[4]
          A trial court cannot take
judicial notice of testimony from a prior hearing unless a transcription of the
testimony is offered in evidence.  See Paradigm Oil, Inc. v. Retamco
Operating, Inc., 161 S.W.3d 531, 539-40 (Tex. App.—San Antonio 2004, pet.
denied); Escamilla v. Est. of Escamilla, 921 S.W.2d 723, 726 (Tex.
App.—Corpus Christi 1996, writ denied).  Nevertheless, we presume that this
requirement may be waived if no objection is made to a proponent’s failure to
offer the transcription in evidence.  See Tex. R. App. P. 33.1(a)(1).





[5]
          A trial court also retains the
inherent authority to dissolve an injunction absent a showing of changed
circumstances.  See GXG, Inc. v. Texacal Oil & Gas, Inc., 882 S.W.2d
850, 852 (Tex. App.—Corpus Christi 1994, no writ); Tober v. Turner of Tex., Inc., 668 S.W.2d 831, 835 (Tex. App.—Austin 1984, no writ).  However, a court
will not generally be found to have abused its discretion by refusing to
dissolve an injunction absent a showing of changed circumstances.  See Henke
v. Peoples State Bank of Hallettsville, 6 S.W.3d 717, 721 (Tex. App.—Corpus Christi 1999, pet. dism’d w.o.j.); Tober, 668 S.W.2d at 835.