IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00261-CR

 

Johnny LaSalle Brewer, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 27500

 



MEMORANDUM  Opinion



 

            Upon pleading guilty to the
offense of injury to a child, Johnny Brewer was placed on deferred adjudication
community supervision (probation) on November 6, 2001 for ten years.  Because the underlying offense included an attempted sexual assault of a child,
stringent probation terms were added, including that Brewer not be in close
proximity to any person younger than 17 and that he must remove himself from circumstances
causing him to come near such persons.  Another term was that Brewer had to submit
to polygraph testing on a quarterly basis.

            At a polygraph examination,
Brewer allegedly admitted to the polygraph examiner that he had had sexual
contact with two female minor children.  The State moved to revoke Brewer’s
deferred adjudication probation, and after an evidentiary hearing, the trial
court adjudicated Brewer guilty and sentenced him to ten years in prison.  The
trial court certified that Brewer’s case was not a plea bargain and that he had
the right of appeal.  Brewer filed a general notice of appeal.

In his first two issues, Brewer alleges
that the trial court abused its discretion because the evidence that he had
violated a condition of probation was insufficient.  Brewer’s third issue asserts that his
admissions to the polygraph examiner were inadmissible because the polygraph
examination was not voluntary—it was a condition of probation—and Brewer was
not given Miranda warnings.

An appeal of the trial court’s decision to adjudicate guilt is
prohibited by article 42.12, § 5(b) of the Code of Criminal
Procedure.  Hargesheimer v. State, 182 S.W.3d 906, 909, 913 (Tex. Crim.
App. 2006); see Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005); see also Roberts
v. State, 141 S.W.3d 685, 685-86 (Tex. App.—Waco 2004, pet. ref’d) (mem.
op.); Emich v. State, 138 S.W.3d 398, 400-01 (Tex. App.—Waco 2004, no
pet.) (mem. op.).  Brewer’s issues plainly indicate that he is appealing what
is prohibited—the trial court’s decision to adjudicate guilt.  See Hargesheimer,
182 S.W.3d at 909, 913; cf. Trevino v. State, 174 S.W.3d 925, 927 (Tex. App.—Corpus Christi 2005, pet. ref’d) (defendant may appeal from judgment adjudicating
guilt when issues raised relate not to adjudication of guilt but to punishment
phase); Tatum v. State, 166 S.W.3d 362, 364 (Tex. App.—Fort Worth 2005,
pet. ref’d) (same).  We
thus dismiss Brewer’s three issues and affirm the trial court’s revocation
order.  See Roberts, 141 S.W.3d at 686; Emich, 138 S.W.3d at 401.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

            (Chief
Justice Gray concurring)

Affirmed

Opinion
delivered and filed July 12, 2006

Do
Not Publish

[CR25]