02-10-230-233-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NOS.  02-10-00230-CR

         
02-10-00231-CR

         
02-10-00232-CR

         
02-10-00233-CR

 

 


 
 
 Barry Martin
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 235th
District Court OF Cooke COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

Appellant
Barry Martin was convicted on his guilty pleas in four felony theft cases after
the trial court granted the State’s motions to adjudicate his guilt.[2] 
In one point, Appellant asserts that the trial court erred by “not holding a
hearing on [his] timely filed motion[s] for new trial because there was an
allegation of actual innocence in the motion[s] and the trial court was
required to allow the appellant to fully develop the record.”  We affirm.

II.  Procedural and Factual Background

In
May 2005, Appellant pleaded guilty to four felony theft charges in exchange for
the State’s agreement to the imposition of deferred adjudication community
supervision in each case.  Appellant affirmed to the trial court that he signed
and understood the judicial confession in each case, acknowledging that he
unlawfully appropriated property “with intent to deprive the owner of the
property.”  Appellant also affirmed that he was pleading guilty of his own free
will and that no one threatened or forced him to do so.  The trial court placed
Appellant on deferred adjudication community supervision in each case in accordance
with his plea agreements.

On
April 27, 2010, the trial court heard evidence on the State’s amended motions
to adjudicate in each case.  Appellant pleaded “not true” to the
allegations—and the trial court heard evidence—that he failed to pay court
costs and restitution as ordered and that Appellant reported only one time to his
probation officer.  The trial court adjudicated Appellant’s guilt in each case
based upon its findings that he failed to pay court costs or restitution as
ordered and failed to report to his probation officer on numerous occasions. 
After hearing punishment evidence, the trial court sentenced Appellant to
concurrent sentences of ten years’ confinement in the third-degree offense and
twenty-four months’ confinement in the remaining state jail felony offenses.

On
May 25, 2010, Appellant timely filed four new-trial motions, asserting in each
that the verdict was contrary to the law and the evidence and that

          [t]he
Defendant was actually innocent of theft in each of these cases because the
evidence was insufficient to prove any necessary intent to deprive the owners
of the property existed at the same time as any appropriation of the property
without the owners’ effective consent.  Each of these cases involved on-going
contractual and charge account-type arrangements.  The Defendant intended to
complete the transactions and pay any money due at the time the money or
property was appropriated.  All appropriations occurred with the consent of the
owners at that time.

 

Appellant
also requested a hearing.  His motions were not supported by an affidavit,
although defense counsel’s verification affidavit was attached to each one.  On
June 7, 2010, the trial court scheduled a June 25, 2010 hearing on Appellant’s
motions.  On the day of the hearing, the State filed a written motion asking
the court to deny Appellant’s motions.  While the trial court noted that it did
not disagree with the State that Appellant was not entitled to a hearing on his
motions, the trial court stated:

having read [Appellant’s]
motion, it’s saying he’s innocent because the evidence was insufficient.  There
was a written stipulation of evidence offered in which he admitted each and
every element of the offense he was charged with, so I’d be interested in
knowing how the evidence was insufficient.

 

In
response, defense counsel advised that Appellant was claiming actual innocence
and that “the element to which his actual innocence applies is the intent to —
the intent to appropriate the property, to deprive the property.”  The trial
court noted that Appellant “admitted every element of the offense of theft”
and, after reading the judicial confession in one case, stated, “That’s a
theft.  And that’s what he admitted he did in the stipulation.”  Defense
counsel responded that “stipulations in guilty pleas are often a great
hindrance when someone is trying to appeal.”  The trial court then advised
counsel:  “[Appellant’s] certainly welcome to appeal. . . .  But him having the
right to appeal doesn’t mean this Court’s got to waste its time on something
that doesn’t raise any issue.”  Defense counsel then offered Appellant’s
affidavit, which the trial court admitted for “record purposes” over the
State’s objections.[3]  The trial court denied
Appellant’s motions for new trial without further hearing.

III.  New Trial Hearing

Appellant
asserts that the trial court erred and violated his state and federal due
process rights by “not holding a hearing on [his] timely filed motion[s] for
new trial because there was an allegation of actual innocence in the motion[s] and
the trial court was required to allow the appellant to fully develop the
record.”[4]

A. 
Applicable Law

The
purposes of a new trial hearing are (1) to determine whether the case should be
retried and (2) to complete the record for presenting issues on appeal.  Hobbs
v. State, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).  Such a hearing is
not an absolute right.  Id.  We review a trial court’s decision to deny
a hearing on a new-trial motion under an abuse of discretion standard.  Id. at
200; Roberts v. State, No. 02-09-00440-CR, 2010 WL 2720587, at *2 (Tex.
App.—Fort Worth July 8, 2010, no pet.) (mem. op., not designated for
publication) (citing Hobbs).  A trial court abuses its discretion by failing
to hold a hearing if the motion and accompanying affidavits (1) raise matters that
are not determinable from the record and (2) establish reasonable grounds
showing that the defendant could potentially be entitled to relief.  Hobbs,
298 S.W.3d at 199.  “If the trial judge finds that the defendant has met the
criteria, he has no discretion to withhold a hearing.  In fact, under such
circumstances the trial judge abuses his discretion in failing to hold a
hearing.”  Smith v. State, 286 S.W.3d 333, 340 (Tex Crim. App. 2009).  

As a
prerequisite to a new-trial hearing (when the grounds in the new-trial motion
are based on matters not already in the record), the motion must be supported
by an affidavit setting out the factual basis for the claim.  Smith, 286
S.W.3d at 339; see Hobbs, 298 S.W.3d at 200 n.32 (suggesting also
that a verified motion might be sufficient in some instances).  “Filing
affidavits in support of a motion for new trial more than [thirty] days after
sentencing is considered an untimely attempt to amend the motion.”  Klapesky
v. State, 256 S.W.3d 442, 455 (Tex. App.—Austin 2008, pet. ref’d); see
Mallet v. State, 9 S.W.3d 856, 865 (Tex. App.—Fort Worth 2000, no pet.);
see also Tex. R. App. P. 21.4 (“Within [thirty] days after the date when
the trial court imposes or suspends sentence in open court but before the court
overrules any preceding motion for new trial, a defendant may, without leave of
court, file one or more amended motions for new trial.”).  A defendant may not
amend or enlarge his original new-trial motion with additional claims after the
thirty-day period has expired, except when the State fails to object to the
addition at the time the claims are raised.  See Clarke v. State,
270 S.W.3d 573, 580–81 (Tex. Crim. App. 2008) (citing State v. Moore,
225 S.W.3d 556, 570 (Tex. Crim. App. 2007)).

B. 
Affidavit as an Untimely Amendment 

Although
Appellant filed his new-trial motions within thirty days of the trial court’s
imposition of his sentences, the motions were not supported by affidavits.[5] 
Appellant subsequently filed an affidavit in support of the motions more than
thirty days after the imposition of his sentences.  Thus, Appellant’s affidavit
was an untimely attempt to amend his new-trial motions.  See Klapesky,
256 S.W.3d at 455; Mallet, 9 S.W.3d at 865.  Because the State objected
to the trial court’s consideration of the affidavit, neither the trial court
nor this court may consider it.  Moore, 225 S.W.3d at 570.  We therefore
consider only Appellant’s new-trial motions in addressing his claim.[6] 
Mallet, 9 S.W.3d at 865.

C. 
No Abuse of Discretion

Although
Appellant asserts that his new-trial motions allege actual innocence, the
motions dispute only the requisite mental state to which Appellant judicially
confessed.  This type of claim is properly characterized as a challenge to the
sufficiency of the evidence.  See Ex parte Santana, 227 S.W.3d
700, 705 (Tex. Crim. App. 2007) (holding that defendant raised a sufficiency,
rather than an actual innocence, challenge when he only disputed facts to which
he stipulated in entering his guilty plea); see also Ex parte Tuley,
109 S.W.3d 388, 390 (Tex. Crim. App. 2002) (holding that a “bare innocence”
claim “involves a substantive claim in which the applicant asserts his bare
claim of innocence based solely on newly discovered evidence”).  Because
Appellant’s new-trial motions raise a sufficiency challenge, we do not address
his argument that the trial court violated his state and federal due process
rights by failing to hold a hearing on his actual innocence claim.  See Ex
parte Tuley, 109 S.W.3d at 390 (holding that incarceration of an innocent
person offends federal due process and that a bare innocence claim is
cognizable in a post-conviction application for writ of habeas corpus) (citing Ex
parte Elizondo, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996)).

Appellant’s
sufficiency challenge raises only matters determinable from the record. 
Moreover, the trial court was familiar with the history and facts of the case, and further development of the record would
not aid Appellant in presenting his issue on appeal.[7]
 See Lewis v. State, No. 02-02-00341-CR, 2003 WL 23095980, at *1 (Tex.
App.—Fort Worth Dec. 31, 2003, no pet.) (mem. op., not designated for
publication) (holding that trial court did not abuse its discretion in refusing
to conduct a motion for new trial hearing when appellant’s insufficient
evidence claim did not raise issues that could not be determined from the
record).  

Appellant
also failed to establish reasonable grounds showing that he could potentially
be entitled to relief.  It is well settled that a defendant placed on deferred
adjudication community supervision may raise issues relating to the original
plea proceeding, such as evidentiary sufficiency, only in an appeal taken when
deferred adjudication community supervision is first imposed.  Manuel v.
State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); Martinez v. State,
184 S.W.3d 241, 242 (Tex. App.—Waco 2005, pet. ref’d) (“Because the issues
raised in the motion for new trial relate back to the original plea proceeding,
we hold that they must be raised by a habeas application.”); see Northington
v. State, 76 S.W.3d 203, 205 (Tex. App.—Fort Worth 2002, no pet.) (“[W]e
informed counsel that if he intends to raise issues relating to the original
deferred adjudication proceeding in an appeal following the adjudication of
appellant’s guilt, the appeal is untimely under appellate rule 26.2 and Manuel,
unless the error falls within the ‘void judgment’ exception set forth in Nix
[v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001)].”).[8] 
Because Appellant failed to establish reasonable grounds entitling him to
relief, the trial court did not abuse its discretion by not conducting an
evidentiary hearing.[9]  We overrule Appellant’s
sole point. 

IV. 
Appellant’s Pro Se Motion

          After
both parties submitted their briefs, Appellant filed a pro se letter with this
court in April 2011, which we construe as a motion.  In the motion, Appellant explained
that his appointed appellate counsel had notified him in a March 2011 letter
that he was discontinuing his law practice.  Appellant further stated, 

[s]ince it is now
obvious [appellate counsel] is not and has not been able to provide effective
counsel, I ask the court to “stay” any further action and appoint qualified,
effective, counsel to my cases.  As I mentioned in my first letter it is necessary
to correct the atrocious errors [appellate counsel] has made in the “Brief” he
filed. 

 

Appellant
noted that he had never received a file-marked copy of the “first letter” he
had sent to the court.[10]

A
few days later, the court received a faxed cover letter from Appellant’s
appellate counsel stating:  “Attached please find a copy of my letter of March
23, 2011 to [Appellant] regarding my withdrawing from his new [child support]
case and remaining counsel on his cases on appeal in your court,” and “I hope
this clarifies the issue of [Appellant] needing new counsel for the appeals.” 
The letter  counsel had sent to Appellant stated that, due to receiving a
triple-bypass heart operation, cousel was giving up his law practice “as
regards pending unresolved cases” but that he would “remain on [Appellant’s]
cases on appeal.”  Counsel’s letter also responded to a letter Appellant had
sent to him:  

Unfortunately, on
these direct appeals cases we are limited to the record at the revocation and
motion for new trial hearings.  The matters you speak of in your letter will
have to be addressed, if at all, in a writ of habeas corpus that can’t be filed
until the direct appeal is finished.

 

The
trial court retains authority over counsel appointed to represent the defendant
on appeal.  See Tex. Code Crim. Proc. Ann. art 26.04(j)(2) (West Supp.
2010); see also Enriquez v. State, 999 S.W.2d 906, 908 (Tex.
App.—Waco 1999, no pet.).  Thus, if there were any indication that Appellant’s
right to effective assistance of counsel might be compromised if current
counsel continued to represent him during the appellate process, or if we
suspected that Appellant and his counsel had an actual conflict of interest, we
would abate the proceeding so that the trial court could conduct a hearing to
determine whether current counsel should be replaced.  See Meza v. State,
206 S.W.3d 684, 688 (Tex. Crim. App. 2006) (holding that, in some instances, it
is appropriate for trial court to exercise the authority to appoint or
substitute counsel following abatement and remand).  However, we have
considered Appellant’s April 5, 2011 letter; appellate counsel’s correspondence
with the court; the parties’ briefs; the clerk’s records; and the reporter’s
record of Appellant’s guilty pleas, the adjudication hearing, and the motion
for new trial proceeding, and we deny Appellant’s motion because there is no
such indication or suspicion here.  See id.   

V. 
Conclusion

          Having
overruled Appellant’s sole point, we affirm the trial court’s judgments. 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER, MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 11, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim.
Proc. Ann. art. 42.12, '
5 (West Supp. 2010); Tex. Penal Code Ann. '
31.03 (West 2011). 





[3]Appellant’s
affidavit provided in part: 

 

I am actually innocent in each of
these theft cases even though I took a probation plea offer to get out of
jail.  In three of the cases, I intended to pay for the merchandise I bought
when the bills came due.  In the fourth, I intended to finish the work I was
paid for when the money was received.

  

In support, Appellant makes
specific factual allegations regarding each case.





[4]Appellant does not
separately argue that the trial court erred by denying his motions for new
trial.  See Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim.
App. 2003) (stating that whether a defendant is entitled to a hearing on
a new-trial motion is a separate question from whether he should ultimately be granted
a new trial); Lemmons v. State, No. 02-04-00086-CR, 2005 WL 1356270, at
*1 (Tex. App.—Fort Worth June 9, 2005, pet. ref’d) (mem. op., not designated
for publication) (citing Wallace). 





[5]To the extent the court of
criminal appeals has suggested that a verified motion might be sufficient in
some instances, Hobbs, 298 S.W.3d at 200 n.32, Appellant’s motions do
not meet the Hobbs criteria—e.g., although the new-trial motions were
verified by defense counsel, he did not have personal knowledge of all the
facts alleged in the motions, including Appellant’s intent at the time of the
offenses.  Cf. id. (noting that verified motion sufficiently
supported new-trial motion where defendant swore under oath to the truth of the
facts set out in the motion, which were within his personal knowledge). 





[6]As discussed below, the gravamen
of Appellant’s complaint arises from his original plea, and therefore,
consideration of his affidavit would not change the outcome of his appeal. 





[7]See generally Holden v.
State, 201 S.W.3d 761, 764 (Tex. Crim. App. 2006) (holding that live
testimony was not essential because the affidavits in support of the new trial
motion were from the defendant and his trial counsel who had already appeared
before a trial court judge who was familiar with the history and facts of the
case).





[8]See also Jordan v.
State, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001) (holding that a defendant
originally placed on deferred adjudication community supervision cannot
challenge the voluntariness of his guilty plea by new-trial motion filed after
the adjudication of his guilt because he is not allowed to attack his original
plea in an adjudication proceeding); Brisco v. State, No.
01-00-00762-CR, 2002 WL 595075, at *5 (Tex. App.—Houston [1st Dist.] Apr. 18,
2002, pet. ref’d) (mem. op., not designated for publication) (holding appellate
court had no jurisdiction over appellant’s new-trial motion challenging the
voluntariness of his plea filed after the trial court revoked his community
supervision). 





[9]To the extent Appellant’s
argument can be construed as a challenge to the trial court’s denial of the
new-trial motions, we dismiss this portion of his claim for want of
jurisdiction.  See Manuel, 994 S.W.2d at 661–62.  





[10]This court has received
only Appellant’s April 5, 2011 letter.