

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NOS. 02-10-00230-CR
### 02-10-00231-CR
### 02-10-00232-CR
### 02-10-00233-CR

BARRY MARTIN            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

### FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Barry Martin was convicted on his guilty pleas in four felony theft cases after the trial court granted the State's motions to adjudicate his guilt.[2] In

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2010); Tex. Penal Code Ann. § 31.03 (West 2011).

one point, Appellant asserts that the trial court erred by "not holding a hearing on [his] timely filed motion[s] for new trial because there was an allegation of actual innocence in the motion[s] and the trial court was required to allow the appellant to fully develop the record." We affirm.

## II. Procedural and Factual Background

In May 2005, Appellant pleaded guilty to four felony theft charges in exchange for the State's agreement to the imposition of deferred adjudication community supervision in each case. Appellant affirmed to the trial court that he signed and understood the judicial confession in each case, acknowledging that he unlawfully appropriated property "with intent to deprive the owner of the property." Appellant also affirmed that he was pleading guilty of his own free will and that no one threatened or forced him to do so. The trial court placed Appellant on deferred adjudication community supervision in each case in accordance with his plea agreements.

On April 27, 2010, the trial court heard evidence on the State's amended motions to adjudicate in each case. Appellant pleaded "not true" to the allegations—and the trial court heard evidence—that he failed to pay court costs and restitution as ordered and that Appellant reported only one time to his probation officer. The trial court adjudicated Appellant's guilt in each case based upon its findings that he failed to pay court costs or restitution as ordered and failed to report to his probation officer on numerous occasions. After hearing punishment evidence, the trial court sentenced Appellant to concurrent

sentences of ten years' confinement in the third-degree offense and twenty-four months' confinement in the remaining state jail felony offenses.

On May 25, 2010, Appellant timely filed four new-trial motions, asserting in each that the verdict was contrary to the law and the evidence and that

> [t]he Defendant was actually innocent of theft in each of these cases because the evidence was insufficient to prove any necessary intent to deprive the owners of the property existed at the same time as any appropriation of the property without the owners' effective consent. Each of these cases involved on-going contractual and charge account-type arrangements. The Defendant intended to complete the transactions and pay any money due at the time the money or property was appropriated. All appropriations occurred with the consent of the owners at that time.

Appellant also requested a hearing. His motions were not supported by an affidavit, although defense counsel's verification affidavit was attached to each one. On June 7, 2010, the trial court scheduled a June 25, 2010 hearing on Appellant's motions. On the day of the hearing, the State filed a written motion asking the court to deny Appellant's motions. While the trial court noted that it did not disagree with the State that Appellant was not entitled to a hearing on his motions, the trial court stated:

> having read [Appellant's] motion, it's saying he's innocent because the evidence was insufficient. There was a written stipulation of evidence offered in which he admitted each and every element of the offense he was charged with, so I'd be interested in knowing how the evidence was insufficient.

In response, defense counsel advised that Appellant was claiming actual innocence and that "the element to which his actual innocence applies is the intent to — the intent to appropriate the property, to deprive the property." The

3

trial court noted that Appellant "admitted every element of the offense of theft" and, after reading the judicial confession in one case, stated, "That's a theft.  And that's what he admitted he did in the stipulation."  Defense counsel responded that "stipulations in guilty pleas are often a great hindrance when someone is trying to appeal."  The trial court then advised counsel:  "[Appellant's] certainly welcome to appeal. . . .  But him having the right to appeal doesn't mean this Court's got to waste its time on something that doesn't raise any issue."  Defense counsel then offered Appellant's affidavit, which the trial court admitted for "record purposes" over the State's objections.[3]  The trial court denied Appellant's motions for new trial without further hearing.

### III.  New Trial Hearing

Appellant asserts that the trial court erred and violated his state and federal due process rights by "not holding a hearing on [his] timely filed motion[s] for new trial because there was an allegation of actual innocence in the motion[s]

---

[3]Appellant's affidavit provided in part:

> I am actually innocent in each of these theft cases even though I took a probation plea offer to get out of jail.  In three of the cases, I intended to pay for the merchandise I bought when the bills came due.  In the fourth, I intended to finish the work I was paid for when the money was received.

In support, Appellant makes specific factual allegations regarding each case.

and the trial court was required to allow the appellant to fully develop the record."[4]

## A. Applicable Law

The purposes of a new trial hearing are (1) to determine whether the case should be retried and (2) to complete the record for presenting issues on appeal. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). Such a hearing is not an absolute right. *Id.* We review a trial court's decision to deny a hearing on a new-trial motion under an abuse of discretion standard. *Id.* at 200; *Roberts v. State*, No. 02-09-00440-CR, 2010 WL 2720587, at *2 (Tex. App.—Fort Worth July 8, 2010, no pet.) (mem. op., not designated for publication) (citing *Hobbs*). A trial court abuses its discretion by failing to hold a hearing if the motion and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Hobbs*, 298 S.W.3d at 199. "If the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing. In fact, under such circumstances the trial judge abuses his discretion

---

[4]Appellant does not separately argue that the trial court erred by denying his motions for new trial. *See Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003) (stating that whether a defendant is entitled to a hearing on a new-trial motion is a separate question from whether he should ultimately be granted a new trial); *Lemmons v. State*, No. 02-04-00086-CR, 2005 WL 1356270, at *1 (Tex. App.—Fort Worth June 9, 2005, pet. ref'd) (mem. op., not designated for publication) (citing *Wallace*).

in failing to hold a hearing." *Smith v. State*, 286 S.W.3d 333, 340 (Tex Crim. App. 2009).

As a prerequisite to a new-trial hearing (when the grounds in the new-trial motion are based on matters not already in the record), the motion must be supported by an affidavit setting out the factual basis for the claim. *Smith*, 286 S.W.3d at 339; *see Hobbs*, 298 S.W.3d at 200 n.32 (suggesting also that a verified motion might be sufficient in some instances). "Filing affidavits in support of a motion for new trial more than [thirty] days after sentencing is considered an untimely attempt to amend the motion." *Klapesky v. State*, 256 S.W.3d 442, 455 (Tex. App.—Austin 2008, pet. ref'd); *see Mallet v. State*, 9 S.W.3d 856, 865 (Tex. App.—Fort Worth 2000, no pet.); *see also* Tex. R. App. P. 21.4 ("Within [thirty] days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial."). A defendant may not amend or enlarge his original new-trial motion with additional claims after the thirty-day period has expired, except when the State fails to object to the addition at the time the claims are raised. *See Clarke v. State*, 270 S.W.3d 573, 580–81 (Tex. Crim. App. 2008) (citing *State v. Moore*, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007)).

## B. Affidavit as an Untimely Amendment

Although Appellant filed his new-trial motions within thirty days of the trial court's imposition of his sentences, the motions were not supported by affidavits.[5] Appellant subsequently filed an affidavit in support of the motions more than thirty days after the imposition of his sentences. Thus, Appellant's affidavit was an untimely attempt to amend his new-trial motions. *See Klapesky*, 256 S.W.3d at 455; *Mallet*, 9 S.W.3d at 865. Because the State objected to the trial court's consideration of the affidavit, neither the trial court nor this court may consider it. *Moore*, 225 S.W.3d at 570. We therefore consider only Appellant's new-trial motions in addressing his claim.[6] *Mallet*, 9 S.W.3d at 865.

## C. No Abuse of Discretion

Although Appellant asserts that his new-trial motions allege actual innocence, the motions dispute only the requisite mental state to which Appellant judicially confessed. This type of claim is properly characterized as a challenge to the sufficiency of the evidence. *See Ex parte Santana*, 227 S.W.3d 700, 705

---

[5]To the extent the court of criminal appeals has suggested that a verified motion might be sufficient in some instances, *Hobbs*, 298 S.W.3d at 200 n.32, Appellant's motions do not meet the *Hobbs* criteria—e.g., although the new-trial motions were verified by defense counsel, he did not have personal knowledge of all the facts alleged in the motions, including Appellant's intent at the time of the offenses. *Cf. id.* (noting that verified motion sufficiently supported new-trial motion where defendant swore under oath to the truth of the facts set out in the motion, which were within his personal knowledge).

[6]As discussed below, the gravamen of Appellant's complaint arises from his original plea, and therefore, consideration of his affidavit would not change the outcome of his appeal.

(Tex. Crim. App. 2007) (holding that defendant raised a sufficiency, rather than an actual innocence, challenge when he only disputed facts to which he stipulated in entering his guilty plea); *see also Ex parte Tuley*, 109 S.W.3d 388, 390 (Tex. Crim. App. 2002) (holding that a "bare innocence" claim "involves a substantive claim in which the applicant asserts his bare claim of innocence based solely on newly discovered evidence"). Because Appellant's new-trial motions raise a sufficiency challenge, we do not address his argument that the trial court violated his state and federal due process rights by failing to hold a hearing on his actual innocence claim. *See Ex parte Tuley*, 109 S.W.3d at 390 (holding that incarceration of an innocent person offends federal due process and that a bare innocence claim is cognizable in a post-conviction application for writ of habeas corpus) (citing *Ex parte Elizondo*, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996)).

Appellant's sufficiency challenge raises only matters determinable from the record. Moreover, the trial court was familiar with the history and facts of the case, and further development of the record would not aid Appellant in presenting his issue on appeal.[7] *See Lewis v. State*, No. 02-02-00341-CR, 2003 WL 23095980, at *1 (Tex. App.—Fort Worth Dec. 31, 2003, no pet.) (mem. op., not

---

[7]*See generally Holden v. State*, 201 S.W.3d 761, 764 (Tex. Crim. App. 2006) (holding that live testimony was not essential because the affidavits in support of the new trial motion were from the defendant and his trial counsel who had already appeared before a trial court judge who was familiar with the history and facts of the case).

designated for publication) (holding that trial court did not abuse its discretion in refusing to conduct a motion for new trial hearing when appellant's insufficient evidence claim did not raise issues that could not be determined from the record).

Appellant also failed to establish reasonable grounds showing that he could potentially be entitled to relief. It is well settled that a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in an appeal taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *Martinez v. State*, 184 S.W.3d 241, 242 (Tex. App.—Waco 2005, pet. ref'd) ("Because the issues raised in the motion for new trial relate back to the original plea proceeding, we hold that they must be raised by a habeas application."); *see Northington v. State*, 76 S.W.3d 203, 205 (Tex. App.—Fort Worth 2002, no pet.) ("[W]e informed counsel that if he intends to raise issues relating to the original deferred adjudication proceeding in an appeal following the adjudication of appellant's guilt, the appeal is untimely under appellate rule 26.2 and *Manuel*, unless the error falls within the 'void judgment' exception set forth in *Nix* [*v. State,* 65 S.W.3d 664, 667 (Tex. Crim. App. 2001)].").[8] Because Appellant failed to establish reasonable grounds

---

[8]*See also Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001) (holding that a defendant originally placed on deferred adjudication community supervision cannot challenge the voluntariness of his guilty plea by new-trial motion filed after the adjudication of his guilt because he is not allowed to attack

entitling him to relief, the trial court did not abuse its discretion by not conducting an evidentiary hearing.[9] We overrule Appellant's sole point.

### IV. Appellant's Pro Se Motion

After both parties submitted their briefs, Appellant filed a pro se letter with this court in April 2011, which we construe as a motion. In the motion, Appellant explained that his appointed appellate counsel had notified him in a March 2011 letter that he was discontinuing his law practice. Appellant further stated,

> [s]ince it is now obvious [appellate counsel] is not and has not been able to provide effective counsel, I ask the court to "stay" any further action and appoint qualified, effective, counsel to my cases. As I mentioned in my first letter it is necessary to correct the atrocious errors [appellate counsel] has made in the "Brief" he filed.

Appellant noted that he had never received a file-marked copy of the "first letter" he had sent to the court.[10]

A few days later, the court received a faxed cover letter from Appellant's appellate counsel stating: "Attached please find a copy of my letter of March 23, 2011 to [Appellant] regarding my withdrawing from his new [child support] case

---

his original plea in an adjudication proceeding); *Brisco v. State*, No. 01-00-00762-CR, 2002 WL 595075, at *5 (Tex. App.—Houston [1st Dist.] Apr. 18, 2002, pet. ref'd) (mem. op., not designated for publication) (holding appellate court had no jurisdiction over appellant's new-trial motion challenging the voluntariness of his plea filed after the trial court revoked his community supervision).

[9]To the extent Appellant's argument can be construed as a challenge to the trial court's denial of the new-trial motions, we dismiss this portion of his claim for want of jurisdiction. *See Manuel*, 994 S.W.2d at 661–62.

[10]This court has received only Appellant's April 5, 2011 letter.

and remaining counsel on his cases on appeal in your court," and "I hope this clarifies the issue of [Appellant] needing new counsel for the appeals." The letter counsel had sent to Appellant stated that, due to receiving a triple-bypass heart operation, cousel was giving up his law practice "as regards pending unresolved cases" but that he would "remain on [Appellant's] cases on appeal." Counsel's letter also responded to a letter Appellant had sent to him:

> Unfortunately, on these direct appeals cases we are limited to the record at the revocation and motion for new trial hearings. The matters you speak of in your letter will have to be addressed, if at all, in a writ of habeas corpus that can't be filed until the direct appeal is finished.

The trial court retains authority over counsel appointed to represent the defendant on appeal. *See* Tex. Code Crim. Proc. Ann. art 26.04(j)(2) (West Supp. 2010); *see also Enriquez v. State*, 999 S.W.2d 906, 908 (Tex. App.—Waco 1999, no pet.). Thus, if there were any indication that Appellant's right to effective assistance of counsel might be compromised if current counsel continued to represent him during the appellate process, or if we suspected that Appellant and his counsel had an actual conflict of interest, we would abate the proceeding so that the trial court could conduct a hearing to determine whether current counsel should be replaced. *See Meza v. State*, 206 S.W.3d 684, 688 (Tex. Crim. App. 2006) (holding that, in some instances, it is appropriate for trial court to exercise the authority to appoint or substitute counsel following abatement and remand). However, we have considered Appellant's April 5, 2011 letter; appellate counsel's correspondence with the court; the parties' briefs; the

11

clerk's records; and the reporter's record of Appellant's guilty pleas, the adjudication hearing, and the motion for new trial proceeding, and we deny Appellant's motion because there is no such indication or suspicion here. *See id.*

## V. Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgments.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 11, 2011