# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00186-CR

**Maurice Mervon York, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-08-302984, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On May 15, 2009, Maurice Mervon York pled guilty to aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011). The trial court placed him on deferred-adjudication community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West 2006). York subsequently violated the terms of his probation, and the State moved to proceed with adjudication of guilt on the original aggravated-robbery charge. *See id*. art. 42.12, § 5(b). The trial court granted the State's motion, adjudicated York guilty, and sentenced York to fifty years' imprisonment. York moved for a new trial, and after the court denied his motion he filed this appeal on March 2, 2010.

York advances three points of error:

1.   The trial court erred by denying his motion for new trial because he was "actually innocent" of aggravated robbery.

2.   The trial court erred by denying his motion for new trial because the court imposed a sentence that was contrary to law.

3.      The trial court erred by finding that York used a deadly weapon in robbing his victim.

York bases all of these arguments on the assertion that the "weapon" he used while robbing his victim was actually a harmless toy pistol. *See* Tex. Penal Code Ann. § 29.03(a)(2) (aggravated robbery involves use of "deadly" weapon). York claims that when he pled guilty to aggravated robbery he did not understand the significance of the fact that his "weapon" was a harmless toy.

We lack jurisdiction to consider York's appeal because all of his arguments relate to the validity of his original guilty plea; as a result, York had to raise the arguments in an appeal filed within thirty days of when he received deferred-adjudication community supervision. *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (defendant placed on deferred-adjudication community supervision may raise issues relating to original plea proceeding only in appeals taken when deferred-adjudication community supervision is first imposed). York argues that this rule does not apply here because his points of error do not relate to his guilty plea, but rather relate to the sentence he received and to the denial of his motion for new trial. *See Duckworth v. State*, 89 S.W.3d 747, 749 (Tex. App.—Dallas 2002, no pet.) ("[W]hen the issue on appeal arises from what occurs *after* the adjudication of guilt, we do have jurisdiction."). We disagree; York's points of error clearly relate to the validity of his guilty plea, as they all turn on York's claim that he did not actually commit "aggravated" robbery because he displayed a non-deadly weapon. Even York's second point of error, which facially appears to concern only the length of the sentence imposed, in fact turns on the contention that York displayed a non-deadly weapon; York argues that because he displayed a non-deadly weapon he could not be sentenced to more than twenty years' imprisonment.

2

*See* Tex. Penal Code Ann. §§ 29.02 (robbery without deadly weapon finding is second-degree felony), 12.33 (West 2011) (second-degree felony carries sentence of 2 to 20 years).

The relief that York requests also demonstrates that York is really trying to challenge the validity of his guilty plea; York asks us not only to set aside his sentence and remand for a new punishment hearing, but also to set aside his conviction and remand for a "new trial on guilt." Such relief is available only through a writ of habeas corpus. *See Martinez v. State*, 184 S.W.3d 241, 242 (Tex. App.—Waco 2005, pet. ref'd) (when defendant pleads guilty, receives deferred-adjudication community supervision, and then, more than thirty days later, has probation revoked, he can raise issues relating to original guilty plea only through application for writ of habeas corpus) (citing *Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001)). We dismiss the appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed: December 23, 2011

Do Not Publish